700 P.2d 65

**Bradly S. FORD, Plaintiff, Counterdefendant and Respondent,**

v.

**Sammie Jo FORD, Defendant, Counterclaimant and Appellant.**

**No. 14794.**

Supreme Court of Idaho.

May 2, 1985.

R. Scott Pasley, Caldwell, for defendant, counterclaimant and appellant.

Gary L. Morgan, Caldwell, for plaintiff, counterdefendant and respondent.

HUNTLEY, Justice.

Bradly S. Ford and Sammie Jo Ford were married at Nampa, Idaho on July 25, 1980. On December 17, 1980, Mr. Ford filed for divorce. Sammie Jo Ford counterclaimed, also seeking divorce. Both parties sought custody of a child expected to be born as issue of the marriage in May, 1981.

The child was born on May 21, 1981, and trial was held on May 28, 29 and June 1, 1981. . The mother testified that she planned to maintain her home in Nampa, Idaho and denied that she intended to return to Louisiana and marry her former husband. After taking the matters of custody and support under advisement, the magistrate issued a judgment and decree of divorce. The magistrate found that both parents were of equal competence, but that the best interests of the infant, who was being breast-fed, required that custody should be awarded to the mother "for the present". The court specifically found:

> Both parties being of equal competence, the Court feels *the best interests [sic] of the young infant who is being breast fed* requires that, *for the present*, custody be awarded to the mother. (Emphasis added.)

The decree contained no restriction requiring the mother to keep the child in Idaho. Subsequently, the mother made it very difficult for the father to exercise his visitation rights, and in late August, 1981 she moved to Louisiana with the child and remarried her former husband.

On September 18, 1981, the court directed the mother to show cause why she should not be held in contempt of court and why the father should not be awarded custody. The father and his attorney were present at the hearing. The mother was represented by her attorney. Neither party presented testimony.

The court found the mother in contempt for failing to provide visitation privileges to the father and awarded the father custody of the child. The mother appealed the magistrate's decision to the district court. The district court affirmed the magistrate's decision, and this appeal followed.

Ms. Ford first contends that the magistrate had no jurisdiction to hear this matter because I.C. § 5–1014A prohibits the filing of a custody modification proceeding within two years of the date the original judgment and decree of custody was entered.

I.C. § 5–1014A provides:

**51014A. Time and standard for modifying custody decree.**—(a) No motion to modify a custody decree may be made earlier than two (2) years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health; except that nothing in this section shall be construed to prevent the court from reconsidering a custody decree entered upon legal separation in the event of application before the expiration of two (2) years by either party for a decree terminating the marriage.

(b) No modification decree shall be entered except upon a showing that a permanent material change has occurred since the prior decree and that it is in the best interest of the child that the decree be modified.

In his conclusions of law as set forth in the Memorandum Opinion, the magistrate stated, "I.C. § 5–1014A is not applicable in that the court specifically retained jurisdiction of the award of custody in this case during the period of time that the child was breastfeeding." We conclude that the magistrate clearly had jurisdiction of the instant matter.

I.C. § 5–1014A has its genesis in the Uniform Child Custody Jurisdiction Act and the Uniform Marriage and Divorce Act. The purpose of this provision was to promote harmony and uniformity in child custody disputes *between and among the various states.* I.C. § 5–1014A was not intended to apply to *intrastate* proceedings.

Under I.C. § 32-717, custody orders are subject to the continuing control and jurisdiction of the court. I.C. § 32-717 provides:

**32-717. Custody of children—Best interest.**—In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:

1. The wishes of the child's parents as to his or her custody;

2. The wishes of the child as to his or her custodian;

3. The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;

4. The child's adjustment to his or her home, school, and community;

5. The mental and physical health and integrity of all individuals involved; and

6. The need to promote continuity and stability in the life of the child.

In its initial custody award, the magistrate specifically underscored its temporary nature by providing that the mother have custody "for the present" because the child was breast-feeding. The clear implication was that when the breast-feeding period terminated, the award would be subject to modification.

Even were we to assume that the initial award was a final order or that I.C. § 5-1014A applies to the instant matter, the magistrate's findings of fact and conclusions of law clearly support the change in custody. In modifying the award, the magistrate emphasized that at trial Ms. Ford, in support of her contention that her life had stabilized, testified that she planned to maintain her home in Nampa and had no intention of returning to her former husband; that the custody award reflected the court's reliance on Ms. Ford's representation; and that Ms. Ford's subsequent conduct directly contradicted her trial testimony upon which the magistrate had relied.

The magistrate further found that Ms. Ford, "willfully and knowingly" violated the terms of paragraphs 2 and 3 of the decree of divorce and did not provide visitation to the plaintiff as was ordered. The record supports this finding as to Ms. Ford's conduct both before and after she left Idaho. The magistrate specifically found that Ms. Ford's "deliberate course of action" denying Mr. Ford and the child "the benefits of nurturing and developing a strong parental relationship of father and son" was "not in the best interest of the parties' minor child." From the record, it is clear that the magistrate did not modify the custody award simply because Ms. Ford left the state. Rather, it was the *implication* of that move reflecting instability on the part of the mother and deprivation to the father and child which the magistrate considered in modifying the award.

We have carefully reviewed the record and considered arguments of counsel for both parties. It is our opinion that Mr. Ford clearly demonstrated a material, permanent and substantial change in conditions and circumstances such that the best interests of the child would be served by the modification of the custodial award. Therefore, we affirm the district court's decision upholding the magistrate's post-decree order.

Costs to respondent. No attorney fees.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

McFADDEN, J. Pro Tem., dissents without opinion.