908 P.2d 1261

**Laura ANTILL nka Huber,
Plaintiff–Appellant,**

v.

**John William ANTILL, Defendant–
Respondent.**

**STATE of Idaho, DEPARTMENT
OF HEALTH & WELFARE,
Third–Party Plaintiff,**

v.

**John William ANTILL, Third–
Party Defendant.**

No. 21478.

Court of Appeals of Idaho.

Jan. 5, 1996.

---

Robert M. Kerr, Jr., Blackfoot, argued, for appellant.

Loveless, Neilsen & Neilsen, Pocatello, for respondent. Victoria E. Loveless argued.

WALTERS, Chief Judge.

Laura Huber appeals from a district court decision which upheld a magistrate's order denying her motion for an award of attorney fees and costs to defend a petition filed by John Antill to modify a divorce decree. We vacate the magistrate's order, and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Laura Huber and John Antill were divorced in 1984. The parties were awarded joint legal custody of the two minor children, with Huber receiving primary physical custody and Antill receiving visitation rights. Both parties subsequently remarried, and Huber now has three additional children who were born to her and her second husband. Antill is also remarried and has no other children.

On June 11, 1993, Antill filed a petition for modification of the divorce decree, requesting that he be given permanent custody of the children with visitation rights to Huber. His petition alleged that the children informed him during their visitation with Antill that they were verbally and physically abused by Huber's husband, and therefore they requested to remain with Antill. On August 16, 1993, Huber filed her answer to Antill's petition and also filed a motion for an order requiring Antill to pay Huber's anticipated attorney fees and costs in defending Antill's petition. On September 20, Antill filed an affidavit responding to Huber's request for attorney fees and costs, claiming that both parties should pay their own costs and attorney fees.

On September 23, the parties arrived at a stipulated settlement which provided that Antill would retain temporary custody of the children during the 1993–94 school year with reasonable visitation being made available to Huber. The stipulation provided that at the end of the school year, the parties would determine what permanent custody arrangement would be in the children's best interest, taking into account the wishes of the children, their school performance, social adaptation and their counselor's recommendation in determining if the children should remain with their father or return to their mother's home. If the parties were unable to reach a decision regarding custody, either party could move for permanent custody, without having to show a "substantial and material change of circumstances."

On October 27, Huber filed a motion for allowance of attorney fees and costs in the amount of $3,011.38 for defending Antill's petition for modification of the divorce decree. As with the August 16 motion for costs and attorney fees, the October 27 motion did not set forth the statutory grounds on which the request for attorney fees and costs were based.

On October 29, 1993, the magistrate issued an order denying Huber's request for attorney fees and costs. The magistrate's decision was predicated on four findings. First, the magistrate found that, as a result of the September 23 stipulation providing Antill with custody until the end of the school year, Antill was "essentially the prevailing party." Therefore, an award of attorney fees pursuant to I.C. § 12–121 and I.R.C.P. 54(e)(1) was inappropriate. Second, Huber knew in August of 1993 that the children wished to stay with Antill. Third, Huber never personally appeared at any hearings in the proceeding. Finally, the magistrate found that Huber never made a substantial showing that her circumstances required the award of attorney fees. Consequently, the magistrate held that an award of attorney fees to Huber also was not justified under I.C. § 32–704. Huber appealed to the district court, which upheld that magistrate's decision.

Huber raises several issues on appeal, which are readily consolidated. She argues that the magistrate improperly applied I.C. § 12–121 and I.R.C.P. 54(e)(1) and that she

was entitled to attorney fees and costs under I.C. § 32–704.[1]

## ANALYSIS

■ On appeal from a district court's appellate decision, we review the magistrate's decision independently from, but with due regard for, the district court's decision because the issues before us are the same as those considered by the district court. *Hilt v. Draper*, 122 Idaho 612, 616, 836 P.2d 558, 562 (Ct.App.1992). This Court will defer to the findings made by the trial court if they are not clearly erroneous. *Bumgarner v. Bumgarner*, 124 Idaho 629, 637, 862 P.2d 321, 329 (Ct.App.1993). However, we will exercise free review over the trial court's conclusions of law to determine whether the court correctly stated the applicable law, and whether the legal conclusions are sustained by the facts found. *Id.*

■ Huber first argues that the magistrate erred in considering I.C. § 12–121 and I.R.C.P. 54(e)(1) because these provisions "only appl[y] in divorce cases brought, pursued or defended frivolously, unreasonably or without foundation." Apparently, her argument is that she requested attorney fees pursuant to I.C. § 32–704(2), and not under I.C. § 12–121 and I.R.C.P. 54(e)(1). Huber also contends that the magistrate erred in applying I.C. § 12–121 and I.R.C.P. 54(e)(1)

because "they relate only to completed actions where no other statute applies" and here, there was no final judgment or decision on the merits of Antill's petition for modification, only a temporary stipulation.

■ At the outset we note that in her motions for attorney fees, Huber did not state the statutory grounds on which her requests were based. Therefore, the magistrate properly addressed all potentially applicable statutes. Moreover, even if it were true that the magistrate should not have analyzed the issue of attorney fees under I.C. § 12–121 and I.R.C.P. 54(e)(1), either because these provisions only relate to "completed actions" or because I.C. § 32–704(2) governed the issue, there was no prejudice since the magistrate also analyzed the issue under I.C. § 32–704(2), the provision which Huber now asserts is applicable. Therefore, we will consider only whether the magistrate correctly applied I.C. § 32–704(2).

I.C. § 32–704(2) provides:

> The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code,[2] order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this act and for attorney's fees, including sums for legal services rendered and costs incurred prior to

1. In her appellate brief, Huber also argued that the magistrate erred in "closing the file" because no permanent custody agreement had been made. However, by stipulation signed into order on October 21, 1994, the parties agreed to let the male child live with his father and the female child to live with her mother. Therefore, as recognized by Huber in her October 11, 1995, letter to this Court, the issue relating to "closing the file" is now moot.

2. This statute provides, in pertinent part:
   **Maintenance.—1.** Where a divorce is decreed, the court may grant a maintenance order if it finds that the spouse seeking maintenance:
   (a) Lacks sufficient property to provide for his or her reasonable needs; and
   (b) Is unable to support himself or herself through employment.
   2. The maintenance order shall be in such amounts and for such periods of time that the

court deems just, after considering all relevant factors which may include:
   (a) The financial resources of the spouse seeking maintenance, including the marital property apportioned to said spouse, and said spouse's ability to meet his or her needs independently;
   (b) The time necessary to acquire sufficient education and training to enable the spouse seeking maintenance to find employment;
   (c) The duration of the marriage;
   (d) The age and the physical and emotional condition of the spouse seeking maintenance;
   (e) The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance;
   (f) The tax consequences to each spouse;
   (g) The fault of either party.

the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The decision of whether to award attorney fees pursuant to I.C. § 32–704 is discretionary. *Pieper v. Pieper*, 125 Idaho 667, 671, 873 P.2d 921, 925 (Ct.App.1994). Absent an abuse of discretion, a trial court's denial of attorney fees under this provision will be upheld on appeal. *See Golder v. Golder*, 110 Idaho 57, 61–62, 714 P.2d 26, 30–31 (1986). "The trial court may, pursuant to I.C. § 32–704, make awards of costs and attorney fees in post-divorce decree proceedings. The financial resources of the parties must first be considered. Then the factors under I.C. § 32–705 must be considered and applied." *Josephson v. Josephson*, 115 Idaho 1142, 1151, 772 P.2d 1236, 1245 (1989) (citation omitted). *See also Golder*, 110 Idaho at 61, 714 P.2d at 30 (I.C. § 32–704 authorizes the trial court to award attorney fees in an action to modify a divorce decree "where the financial resources of the parties so dictate.")

■ Huber argues that the magistrate abused his discretion by failing to adequately consider the respective financial resources of Huber and Antill and by considering improper factors in denying her request for attorney fees and costs. The magistrate's findings in support of his decision to deny attorney fees are as follows:

> Fees should not be awarded to [Huber] because: 1) [Antill] is essentially the prevailing party; 2) [Huber] knew in August of 1993 that the children wished to stay with [Antill] (See the letter attached to [Huber's] affidavit of 9/9/93 [3]); 3) despite the financial condition of [Huber], [Huber] never personally appeared at any hearing set by the Court or otherwise in this proceeding; and 4) [Huber] has not made a

substantial showing that her circumstances require the award of attorney fees.

We discuss these findings in turn. The first finding, that Antill was the prevailing party, need not be addressed because this factor applies to I.C. § 12–121 and I.R.C.P. 54(e)(1). Furthermore, an award of fees under I.C. § 32–704(2) may be made during the pendency of the action and does not depend upon who prevails.

■ Huber asserts that the second factor, *i.e.*, that she knew in August 1993 that the children wished to stay with Antill, was inappropriately considered as it is not a factor listed in I.C. § 32–705 and is, furthermore, irrelevant. We first note that §§ 32–704 and –705 do not limit the trial judge's consideration to only those factors provided in I.C. § 32–705. Rather, the factors articulated in I.C. § 32–705 are the minimum factors to be considered in determining whether attorney fees should be provided under I.C. § 32–704. Therefore, we reject Huber's assertion that relevant factors other than those listed in I.C. § 32–705 may not be considered when deciding whether attorney fees should be awarded.

However, we agree with Huber that her knowledge of the children's wishes was irrelevant in this case. Even if Huber knew that the children wished to stay with Antill, she was still entitled to present her case in opposition to Antill's petition for modification. For example, she could attempt to demonstrate to the magistrate that there were other factors, aside from the children's wishes, which supported her position that the children should reside with her, or could have attempted to show that the children had been influenced by Antill to express their wishes to live with him. In other words, the children's wishes were not dispositive of the issue of the custody; Huber's knowledge that the children wished to reside with Antill did

---

**3.** The letter to which the magistrate referred was one written by Huber to a Bannock County prosecuting attorney, in which Huber agreed to withdraw a complaint against Antill for failing to return the children to her. The letter stated:
> After talking to my children I have decided to withdraw my complaint against the father,

John W. Antill. According to [the children], they requested to stay with their father. I also don't have dependable transportation to get there. This note is to confirm our telephone conversation regarding this matter.

not necessarily mean that she should have abandoned her opposition to Antill's petition.

We also agree with Huber that the third factor, that Huber did not personally appear at any hearing in this proceeding, was an improper consideration in determining whether attorney fees should have been awarded. There is no indication in the record that Huber's personal appearance, in addition to her attorney's appearance, was required at any of the hearings. Moreover, there is nothing in the record to contradict the assertions in Huber's affidavits that her motor vehicle was unreliable and that she could not safely travel from Gooding, where she resided, to Pocatello to attend hearings, nor could she afford to repair her car. Therefore, the magistrate's consideration of this factor was improper.

 Finally, Huber argues that the magistrate abused his discretion in failing to make a specific finding regarding the respective financial resources of the parties. We agree. Idaho law makes it clear that the trial court must, above all, consider the respective financial resources of the parties in deciding whether an award of attorney fees is proper. *See e.g., Josephson, supra; Golder, supra.* In the instant case, we have no evidence that the magistrate considered this factor. The only finding that one may speculate shows a consideration regarding the financial situation of the parties, is the magistrate's fourth finding, that Huber did not make a "substantial showing that her circumstances require the award of attorney fees." However, it is not clear that the "circumstances" referred to and considered by the magistrate included both of the parties' financial circumstances.[4]

 Our Supreme Court has stated that "before awarding attorney fees, the trial court must make specific findings on the factors listed in I.C. § 32–705." *Mulch v. Mulch,* 125 Idaho 93, 101, 867 P.2d 967, 975 (1994); *see also Ireland v. Ireland,* 123 Idaho 955, 960, 855 P.2d 40, 45 (1993). We see no

reason that the same requirements should not apply when the trial court *denies* a motion for attorney fees. In the instant case, the court clearly did not make any findings regarding the factors articulated in I.C. § 32–705. The only factors listed were the first three discussed above, which are not listed in § 32–705, and the fourth finding that Huber had not shown that her circumstances required an award of attorney fees. Where a discretionary decision is tainted by legal or factual error, the appropriate appellate response is to remand the case to the trial court for a proper exercise of discretion. *State v. Morgan,* 109 Idaho 1040, 1043, 712 P.2d 741, 744 (Ct.App.1985); *see also Kunzler v. Kunzler,* 109 Idaho 350, 707 P.2d 461 (Ct.App.1985). In the instant proceeding, such an exercise of discretion must necessarily include consideration of the factors set forth in I.C. § 32–705.

## CONCLUSION

We conclude that in denying Huber attorney fees under I.C. § 32–704, the magistrate failed to properly apply the factors set forth in I.C. § 32–705. Consequently, we vacate the order denying fees, and remand this case to the magistrate for consideration of the factors set forth in I.C. § 32–705. Costs to appellant Huber; no attorney fees on appeal.

LANSING and PERRY, JJ., concur.

---

4. While it is true that the magistrate stated that he "reviewed the affidavits of the parties and compared those with the factors set out in the Idaho Code and Idaho Rules of Civil Procedure," the magistrate, in stating his reasons for denying Huber attorney fees, proceeded to list only the four factors quoted above.