170 P.3d 375

Kyle S. NELSON, Plaintiff–Appellant,

v.

Darline NELSON, nka Heath,
Defendant–Respondent.

No. 32503.

Supreme Court of Idaho,
Boise, September 2007 Term.

Oct. 10, 2007.

Kyle S. Nelson, pro se, Lewiston, for appellant.

John R. Hathaway, Orofino, for respondent.

TROUT, J., Senior Judge pro tem.

Kyle Nelson (Kyle) appeals from the magistrate judge's amended custody order granting custody of the parties' children to their mother, Darline Heath (Darline) and modifying the holiday visitation schedule.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Kyle and Darline married in 1994 and, thereafter, three children were born to the marriage. The parties separated in 1999, and their divorce became final in 2000. As a part of their divorce, the parties were awarded joint legal and physical custody of the

minor children. Darline's home in Juliaetta, Idaho, was identified as the children's primary residence. Kyle, who lived in Lewiston, Idaho, received visitation rights.

Kyle filed a motion to modify the custody order in April, 2002, seeking custody of the three children. By stipulation of the parties, the trial court issued a modified custody order through which Darline retained primary residential custody of the children. Kyle filed a second motion to modify the custody order in December, 2002, and again sought custody of the children. After a trial was held in July of 2003, the magistrate judge issued an order on September 4, 2003, that the children would remain with Darline. At approximately this same time, in August, 2003, Darline made plans to marry Gordon Heath. As a result of her remarriage, Darline planned to move all three children to Greencreek, Idaho, to live with Heath and his two sons from a previous relationship.

In response to Darline's pending marriage and relocation of the children, Kyle moved to "alter or amend" the custody order on September 8, 2003. A hearing was set for September 30, 2003, at which the magistrate judge restyled Kyle's motion as a motion to modify based on a material change of circumstances. The magistrate judge then held an evidentiary hearing on the motion to modify on May 4 and 5, 2004. In a ruling from the bench and subsequent order dated October 12, 2004, "nunc pro tunc August 6, 2004" (the August Order), the magistrate judge again amended the custody arrangement but allowed Darline to retain primary residential custody. Kyle appealed from the August Order, and the district judge affirmed the custody award in its entirety. Kyle now appeals to this Court.

## II.

### STANDARD OF REVIEW

■ On appeal from a district court's appellate decision, this Court reviews the magistrate judge's decision independently from, but with due regard for, the district court's decision. *Antill v. Antill,* 127 Idaho 954, 957, 908 P.2d 1261, 1264 (1996).

■ Decisions regarding child custody are committed to the sound discretion of the magistrate, and the magistrate's decision may be overturned on appeal only for an abuse of discretion. *McGriff v. McGriff,* 140 Idaho 642, 645, 99 P.3d 111, 114 (2004); *Biggers v. Biggers,* 103 Idaho 550, 650 P.2d 692 (1982). An abuse of discretion occurs when the evidence is insufficient to support a magistrate's conclusion that the interests and welfare of the children would be best served by a particular custody award or modification. 140 Idaho at 645, 99 P.3d at 114. Appellate courts, however, are not permitted to substitute their own view of the evidence for that of the trial court, or to make credibility determinations. *Id.*

■ When reviewing the trial court's findings of fact, the appellate court will not set aside the findings on appeal unless they are clearly erroneous such that they are not based upon substantial and competent evidence. *Reed v. Reed,* 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002); *Hunt v. Hunt,* 137 Idaho 18, 20, 43 P.3d 777, 779 (2002). If the findings of fact are based on substantial evidence, even if the evidence is conflicting, they will not be overturned on appeal. *State v. Hart,* 142 Idaho 721, 723, 132 P.3d 1249, 1251 (2006). When reviewing the trial court's conclusions of law, however, this Court exercises free review of the court's decision to determine whether the court correctly stated the applicable law, and whether the legal conclusions are sustained by the facts found. *Hart,* 142 Idaho at 723, 132 P.3d at 1251 (citing *Roell v. Boise City,* 134 Idaho 214, 216, 999 P.2d 251, 253 (2000)).

## III.

### ANALYSIS

#### A. Procedural issues on appeal

■ Initially, it is necessary to address an argument made by Kyle in his appellate brief that the magistrate judge improperly recharacterized his motion to alter or amend as a motion to modify. After the July, 2003, hearing on his motion to modify, Kyle learned of Darline's intent to marry Heath and move to Greencreek. Four days after the magistrate judge entered an order that

the children should remain with Darline, Kyle filed his motion to alter or amend under Idaho Rule of Civil Procedure 59, arguing that the trial court needed to correct factual issues in its order, based on Darline's alleged dishonesty in failing to disclose her marriage and relocation plans. Kyle does not properly assert this as an issue on appeal and, in any event, given the nature of the relief requested, the magistrate judge did not err in treating this as a motion to modify rather than a motion to alter or amend.

By redirecting Kyle toward a motion to modify, the magistrate judge focused on the alleged material change in circumstances in the children's lives brought about by Darline's actions, rather than the implications for the accuracy of Darline's prior testimony. In doing so, the court served the paramount goal of I.C. § 32–717: to determine custody based on "the best interests of the children." Moreover, the reformulation of the motion did not prevent the trial court from considering any evidence of Darline's alleged deception or change of plans as it related to the children's best interests under I.C. § 32–717.

 Another matter which must be addressed is Darline's objection to certain documents which Kyle attempted to add to the record before this Court by attaching them to his appellate brief. Kyle appended to his opening brief: school report cards for the 2002–2003 school year; report cards dated January 2006; and Darline's notice of lease termination dated September 10, 2003. In addition, Kyle makes various factual statements in his briefing based on opinions and personal observations contemporary with his appeal. "Appellate court review is limited to the evidence, theories and arguments that were presented below." *Obenchain v. McAlvain Const., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006) (internal citations omitted). None of the documents Kyle attached to his brief appear in the record and indeed, two of the report cards are dated after the magistrate judge's order and the district court's order on appeal. Kyle's introduction of evidence before this Court by way of his briefing is improper and will be disregarded.

## B. Orders being appealed

Kyle appeals three decisions, as identified in his opening brief: the September 4, 2003, order, the August Order, and the October 3, 2005, district court order. As noted above, this Court does not review the decision of the district court but rather reviews the magistrate judge's order directly. *Antill*, 127 Idaho at 957, 908 P.2d at 1264. Darline argues that Kyle's appeal of the magistrate judge's September 4, 2003, order is untimely, and his appeal is valid only as to the August Order.

 Idaho Rule of Civil Procedure 83 governs the appeal of decisions rendered by the magistrate's division. I.R.C.P. 83(a). Under I.R.C.P. 83(e), an appeal to a district court of a magistrate judge's decision must be made within 42 days of the judgment, unless the appellant has made a timely motion to alter or amend the judgment. In this case, Kyle did make a motion to alter or amend the judgment, but the magistrate judge interpreted Kyle's purpose to be better served by a motion to modify based on changed circumstances, and Kyle did not appeal from that decision. By pursuing a modification of the custody arrangement based on a material change in circumstances, Kyle initiated a new hearing with new evidence, on which a new decision—the August Order— was based. Kyle's appeal of the magistrate judge's September 4, 2003, order is neither timely nor appropriate, given that the order was superseded by the August Order. Thus, this Court will review on appeal only the August Order, amending custody.

## C. Motion to modify

 Idaho Code § 32–717 gives a judge wide discretion regarding custody decisions, subject to some restrictions. *Hart*, 142 Idaho at 724, 132 P.3d at 1252 (citing *Hoskinson v. Hoskinson*, 139 Idaho 448, 455, 80 P.3d 1049, 1056 (2003)). In Idaho, the best interests of the children are always the paramount concern. *Roberts v. Roberts*, 138 Idaho 401, 405, 64 P.3d 327, 331 (2003). "Therefore," this Court explained in *Roberts*, "in any judicial determination regarding the custody of the children, including where they reside, the best interests of the child should

be the standard and primary consideration." *Id.*

Idaho Code § 32–717 provides a framework for the trial court in determining the best interests of the children in making a custody decision. *Brownson v. Allen,* 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). The statute sets forth relevant, non-exhaustive factors to aid in the trial court's custody determination. *Id.* The statute provides,

(1) In an action for divorce the court may, before and after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children. The court shall consider all relevant factors which may include:

 (a) The wishes of the child's parent or parents as to his or her custody;

 (b) The wishes of the child as to his or her custodian;

 (c) The interaction and interrelationship of the child with his or her parent or parents, and his or her siblings;

 (d) The child's adjustment to his or her home, school, and community;

 (e) The character and circumstances of all individuals involved;

 (f) The need to promote continuity and stability in the life of the child; and

 (g) Domestic violence as defined in section 39–6303, Idaho Code, whether or not in the presence of the child.

I.C. § 32–717. At the time he issued his ruling from the bench, the magistrate judge made specific factual findings regarding each separate statutory factor itemized under I.C. § 32–717(1)(a)–(g).

 As indicated earlier, this Court reviews a judge's decision regarding the custody of a minor child for an abuse of discretion, which involves a three-tiered inquiry: "(1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason." *Chandler v. Chandler,* 136 Idaho 246, 249, 32 P.3d 140,

143 (citing *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989)).

 Here, the magistrate judge correctly perceived the question of custody to be one of discretion, as he stated that he would consider the factors set forth in I.C. § 32–717 in making his decision whether to modify custody. Given that the magistrate judge correctly perceived his discretion, the remaining questions are whether he acted within the outer boundaries of his discretion and whether he reached his decision by an exercise of reason. *See Chandler,* 136 Idaho at 249, 32 P.3d at 143. Specifically, Kyle challenges some of the factual findings made by the magistrate judge in analyzing the I.C. § 32–717 factors, which he asserts affected his ultimate decision regarding custody.

### 1. character of the parties

 Kyle contends that the trial court refused to consider the character of the parties, particularly what Kyle considers to be Darline's deception of the court in failing to disclose her plans to remarry and relocate with the children when she testified at the hearings during June and July of 2003.

 Idaho Code § 32–717 directs a trial court to consider "all relevant factors, which may include," as indicated under subsection (e), the "character and circumstance of all individuals involved." As indicated by the statutory language, the enumerated factors are both non-mandatory and non-exhaustive; a trial court is not asked simply to check off the considerations listed in the statute, but is rather required to consider, in his or her discretion, "all relevant factors" to the decision.

In addressing subsection (e), "[t]he integrity of all the individuals involved," the magistrate judge stated that "this case has generated a lot of angst between the parties, and both parties at time[s] have been aggressive and deceptive, and I don't take that into account in the decision whatsoever." The judge did not ignore the "character and circumstances of all individuals involved," but rather determined that their respective characters did not weigh in favor of one party or the other. Both parties, according to the

trial court, exhibited dishonesty and aggression, and emphasized their own needs rather than the needs of the children. Throughout the trial, the magistrate judge struggled to find evidence relevant to the interests of the children. Ultimately, he sought to craft a custody award reflecting the best interests of the children, not a commentary on the bad behavior of the parents towards each other and in court. Moreover, Kyle's attempts to prove Darline's dishonesty were made through statements of opinion rather than fact. There is substantial and competent evidence to support the trial court's findings regarding the character of the parties.

### 2. adjustment of the children and stability of the home

Kyle also challenges the magistrate judge's factual findings under I.C. § 32–717(1)(c), the interaction and relationship of the child with his or her parents and siblings, and (f), the need to promote continuity and stability in the life of the child. While Kyle does not specifically cite subsection (d), addressing the child's adjustment to his or her home, school, and community, it appears his challenge extends to those findings as well.

While the magistrate judge addressed each factor separately, his findings demonstrate the ways in which these factors are interrelated. Under subsection (c), the trial court found the children's interactions appropriate with each parent and with both sets of new siblings or stepsiblings in each of the parent's new households. In evaluating the children's adjustment to their home in Greencreek under subsection (d), the magistrate judge concluded that "even though they are lately in the community[,] that of Ms. Heath, it would appear that the children are appropriately cared for, adjusted, and indeed, have maintained relationships appropriately for children of their age." The court went on to observe:

The household of the father, Mr. Nelson, appears to be more rigid, controlled in doctrine there, and the children react in a fashion to that sternness that's expressed in the household. Whether that sternness is good or bad is—is not an issue. It's where the children seem to be, at least on this record, more comfortable. And they seem to be more comfortable in the Heath household.

Under subsection (f), the need to promote continuity and stability in the life of the child, the magistrate judge found:

The natural mother is now going to be a stay-at-home mother. She's not working. The children seem well-adjusted in the—in the household of Ms. Heath, and I also refer to the study by Mr. Cole which indicated such that there was no discontinuity in that household, and that the household was stable.

There is substantial and competent evidence to support the magistrate's findings, and there is also little in the way of directly conflicting evidence. During the trial, both Darline and her husband, Gordon Heath, testified that the children were well-adjusted and interacted well with Heath and with their new stepsiblings. The trial court also relied on the opinion of Al Cole, a family services coordinator appointed by the court to prepare a Child Needs Assessment and Risk Assessment evaluation. The magistrate judge did not err in his determinations regarding these factors.

### 3. holiday visitation

█ In his August Order, the magistrate judge changed the holiday visitation schedule from the holiday schedule that had previously been in place. Neither Kyle nor Darline requested that the holiday visitation schedule be changed, and Kyle argues the trial court erred by changing the schedule.

█ "Jurisdiction of the trial court over child custody and visitation rights should be exercised by the court in such detail and specificity of order as may be necessary to carry out the intent of the court." *Biggers v. Biggers,* 103 Idaho 550, 556, 650 P.2d 692, 698 (1982). The court has broad discretion in establishing visitation rights, and "is not confined by the allegations of the petition to modify in seeking out what custody arrangement would be in the best interest of the child." *McGriff,* 140 Idaho at 646–47, 99 P.3d at 115–116. "A court, by defining details of visitation, is merely supplying for the parties the element

of reasonableness intended by the court, and fashioning the visitation remedy that the non-custodial parent should have." *Biggers,* 103 Idaho at 556, 650 P.2d at 698. This Court has suggested that "[c]ooperating divorced parents can achieve far more for their children than might flow from even the best thought-out orders of the courts." *Hawkins v. Hawkins,* 99 Idaho 785, 790, 589 P.2d 532, 537 (1978). However, when parents "cannot agree on the time and places for visitation the trial court is required, on proper application, to define 'reasonable visitation' in such detail as may be necessary." *Biggers,* 103 Idaho at 556, 650 P.2d at 698 (citing *Kirkwood v. Kirkwood,* 83 Idaho 444, 450, 363 P.2d 1016, 1019 (1961)). Despite the absence of a request by the parties to modify the holiday visitation schedule, the magistrate judge was within his discretion to do so.

Kyle also argues against the change in holiday visitation because "the holiday visitation has been the same way for almost six years now." In this case, the magistrate judge heard extensive testimony on the effects of traveling on the children as well as the parents. It was within the judge's discretion to conclude that the move to Greencreek constituted a material change in circumstances that required a revision of the visitation schedule to serve the best interests of the children. The magistrate judge concluded that it was in the best interests of the children to reduce the time they spend riding in cars and there was no error in changing the holiday visitation.

### 4. application of *Ford*

Kyle argues that the magistrate judge's award of custody to Darline constitutes error under *Ford v. Ford,* 108 Idaho 443, 700 P.2d 65 (1985). In *Ford,* the trial court temporarily awarded custody to the mother of a child who was still breastfeeding and the order contained no restriction requiring the mother to keep the child in Idaho. The mother continually frustrated the father's right to visitation, and when the mother moved to Louisiana, the magistrate judge directed the mother to show cause why she should not be held in contempt of court and why the father should not be awarded custo-

dy. The court found the mother in contempt and awarded custody of the child to the father. In changing the custody award, the magistrate judge emphasized, among other factors, that the custody award reflected the court's reliance on the mother's representation and that the mother's subsequent conduct directly contradicted her trial testimony upon which the magistrate had relied. On appeal, this Court affirmed the trial court's determination that a permanent change in circumstances had occurred. Kyle asserts that the facts of *Ford* "exactly" parallel the facts of the present case and dictate a similar result.

Clearly, important factual differences exist between the cases. Specifically, the magistrate judge in this case considered the statutory factors and determined the best interests of the children were best served by granting the mother custody. As noted above, "[t]his Court will not attempt to substitute its judgment and discretion for that of the trial court, except in cases where the record reflects a clear abuse of discretion." *Brownson,* 134 Idaho 60, 63, 995 P.2d 830, 833 (2000). Each case requires this Court to determine whether the magistrate abused his or her discretion, not whether this Court would have made the same decision. We affirm the trial court and do not find error simply because of the difference in outcomes between this case and *Ford.*

In summary, the trial court acted properly in analyzing the factors set forth in I.C. § 32–717 and making a decision regarding custody. The judge acted within the outer boundaries of his discretion and through an exercise of reason, and we find no abuse of discretion

### D. Attorney fees on appeal

Darline seeks attorney fees on appeal under I.C. §§ 12–120 and –121; however, she makes no argument for fees under § 12–120 and instead focuses her argument on fees awardable under § 12–121.

Idaho Code § 12–121 allows a court to award attorney fees to the prevailing party in any civil action. The power to award fees under section 12–121 is discre-

tionary. *Chisholm v. Twin Falls County*, 139 Idaho 131, 136, 75 P.3d 185, 190 (2003). Generally, "reasonable attorney's fees will only be awarded to the prevailing party under I.C. § 12–121 when the court is left with the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably and without foundation." *Balderson v. Balderson*, 127 Idaho 48, 54, 896 P.2d 956, 962 (1995) (internal quotations omitted). Ordinarily, attorney fees will not be awarded where the losing party brought the appeal in good faith and where a genuine issue of law was presented. *Chisholm*, 139 Idaho at 136, 75 P.3d at 190.

■ Darline argues that Kyle's appeal is frivolous, unreasonable, and without foundation. This Court has explained that "[a]ttorney fees are awardable if an appeal does no more than simply invite an appellate court to second-guess the trial court on conflicting evidence." *Anderson v. Larsen*, 136 Idaho 402, 408, 34 P.3d 1085, 1091(2001). In *Anderson*, the Court found that "the Andersons essentially have asked this Court to reweigh and reevaluate the evidence, to second-guess the trial court's findings which were based on conflicting evidence, and to arrive at a different conclusion than the district court by reassessing the credibility of the various witnesses." *Id.* The Court declined to do so and awarded attorney fees to the prevailing party. The award of attorney fees under section 12–121 is also appropriate where the law is well-settled and the appellant has made no substantial showing trial court misapplied law. *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 377, 973 P.2d 142, 148 (1999).

Darline argues that Kyle asks this Court not only to reweigh the evidence, but also to include in its calculations additional evidence never presented to the magistrate. Her characterization is largely correct. As the district court observed, Kyle's briefs display a "lack of comprehension" as to the purpose of the magistrate's hearing on a motion to modify based on changed circumstances. The district court's observation rings true that Kyle "wanted and still wants the courts' decisions to be a referendum on the character of Ms. Heath."

■ Kyle has failed to present a genuine allegation of factual or legal error on the part of the magistrate judge. Pro se litigants are not accorded any special consideration simply because they are representing themselves and are not excused from adhering to procedural rules. *Sammis v. Magnetek, Inc.*, 130 Idaho 342, 346, 941 P.2d 314, 318 (1997). The litigation of custody in this case has continued for eight years, spanning almost the entire lifetime of the youngest child. Kyle has acted as his own attorney repeatedly and has brought this appeal without factual basis. He should not be allowed to continue his vendetta unabated while causing significant costs to his former wife. Because Kyle has done no more than invite this Court to reweigh the facts, we find the appeal frivolous, unreasonable, and without foundation, and award attorney fees on appeal to Darline.

## IV.

## CONCLUSION

The magistrate judge did not err as a matter of fact or law in awarding custody of the children to Darline, and in amending the holiday visitation schedule. We affirm the trial court's amended custody order and award attorney fees and costs to the Respondent on appeal.

Chief Justice EISMANN, Justices BURDICK, J. JONES and W. JONES concur.