# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41785

| | |
|---|---|
| IDAHO DEPARTMENT OF HEALTH & WELFARE, MENTAL HEALTH SERVICES, | ) ) ) ) |
| Petitioner-Respondent, | ) ) |
| v. | ) ) ) |
| JANE (2014-03) DOE, | ) ) |
| Respondent-Appellant. | ) ) ) |

2014 Opinion No. 75

Filed: September 18, 2014

Stephen W. Kenyon, Clerk

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John R. Stegner, District Judge. Hon. Scott Wayman, Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming order of involuntary hospitalization, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender, Jay Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

MELANSON, Judge

Jane (2014-03) Doe appeals from the district court's order, entered in its intermediate appellate capacity, affirming Doe's involuntary hospitalization. Doe argues that the magistrate violated Idaho Rule of Civil Procedure 52(a) by failing to make a record of its findings of fact and that there was insufficient evidence to support Doe's involuntary hospitalization. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURES

An officer responded to a call in which Doe informed the dispatcher that there were people "out to get" her and she had attempted to kill herself by taking pills. Doe told the officer that she just wanted "it to be over" and that, when the officer left, she would "take care" of it.

1

The officer placed Doe into protective custody and she was transferred to a medical center. A petition for involuntary hospitalization came before the magistrate, who, after a hearing, granted the petition and hospitalized Doe pursuant to I.C. § 66-329(11)[1]. Doe appealed and the district court vacated the order of commitment on the basis that an inadequate record of the proceeding had been preserved. A new hearing was held before a different magistrate. The magistrate found that Doe was mentally ill, likely to injure herself, gravely disabled, and could not provide informed consent to treatment. Doe again appealed, arguing that there was insufficient evidence to hospitalize her and that the magistrate's order violated Rule 52(a). The district court affirmed the magistrate's order committing Doe. Doe again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo v. Pelayo*, 154 Idaho 855, 858-59, 303 P.2d 214, 217-18 (2013). If those findings are so supported and the conclusions following therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review

---

[1]     Idaho Code Section 66-329(11) provides:

> (11)    If, upon completion of the hearing and consideration of the record, and after consideration of reasonable alternatives including, but not limited to, holding the proceedings in abeyance for a period of up to thirty (30) days, the court finds by clear and convincing evidence that the proposed patient:
> (a)     Is mentally ill; and
> (b)     Is, because of such condition, likely to injure himself or others, or is gravely disabled due to mental illness;
> the court shall order the proposed patient committed to the custody of the department director for observation, care and treatment for an indeterminate period of time not to exceed one (1) year. The department director, through his dispositioner, shall determine within twenty-four (24) hours the least restrictive facility or outpatient treatment, consistent with the needs of each patient committed under this section for observation, care, and treatment.

the decision of the magistrate. *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012). Rather, we are procedurally bound to affirm or dismiss the decisions of the district court. *Id*.

**III.**

**ANALYSIS**

**A.      Compliance with I.R.C.P. 52(a)**

Doe alleges the magistrate failed to prepare specific findings of fact in accordance with I.R.C.P. 52(a). Doe contends that what the magistrate labeled as findings of fact were actually conclusions based upon the evidence. Therefore, Doe contends the magistrate was required to describe which evidence the magistrate relied on when it determined Doe was mentally ill, likely to injure herself, gravely disabled, and could not provide informed consent to treatment. Rule 52(a) provides, in relevant part:

> In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . . A written memorandum decision issued by the court may constitute the findings of fact and conclusions of law only if the decision expressly so states or if it is thereafter adopted as the findings of fact and conclusions of law by order of the court.

The purpose of the this rule is to "afford the appellate court a clear understanding of the basis of the trial court's decision, so that it might be determined whether the trial court applied the proper law to the appropriate facts in reaching its ultimate judgment." *Pope v. Intermountain Gas Co.*, 103 Idaho 217, 225, 646 P.2d 988, 996 (1982). To that end, the findings required by Rule 52(a) should be clear, coherent, and complete while avoiding an unnecessary review of the evidence. *Browning v. Ringel*, 134 Idaho 6, 14, 995 P.2d 351, 359 (2000). A trial court's findings of fact in a bench trial will be liberally construed on appeal in favor of the judgment entered. *Beckstead v. Price*, 146 Idaho 57, 61, 190 P.3d 876, 880 (2008). With respect to its findings, the trial court is not required to provide a lengthy discussion on every single piece of evidence and every specific factual issue involved in the case. *Browning*, 134 Idaho at 14, 995 P.2d at 359 (2000).

In this case, there is no confusion regarding the basis of the trial court's decision. There was only testimony from one witness at the hearing--the designated examiner. Her testimony was the basis of the magistrate's determination that Doe was mentally ill, likely to injure herself, gravely disabled, and could not provide informed consent to treatment. Doe presented no conflicting evidence, although her counsel attempted to impeach the witness's credibility. Had

3

there been conflicting evidence, it would have been necessary for the magistrate to provide more detail regarding what evidence it relied upon. Here, where there was no conflicting evidence, the magistrate could have listed additional facts from the designated examiner's testimony to support the magistrate's findings, which would have been useful, but failing to do so in this case did not violate Rule 52(a). This conclusion is consistent with the admonition that the Idaho Rules of Civil Procedure shall be liberally construed to secure the just, speedy, and inexpensive determination of every action and proceeding. *See* I.R.C.P. 1(a). The interests identified in I.R.C.P. 1(a) would not be served if we were to interpret Rule 52(a) as requiring that a trial court's decision must be vacated and remanded because of the failure to provide a summary of the testimony upon which the magistrate relied in making its findings of fact. *See Akers v. Mortensen*, 147 Idaho 39, 44-45, 205 P.3d 1175, 1180-81 (2009). Rule 52(a) requires the magistrate to find facts specially, which the magistrate did in this case. Therefore, the district court did not err in affirming the magistrate, despite the brevity of the magistrate's findings of fact.

**B.      Sufficiency of the Evidence**

Doe argues that the magistrate erred in involuntarily hospitalizing her based upon the evidence presented at the hearing. Specifically, Doe argues that the magistrate erred because it did not inquire into possible alternatives to hospitalization and that there was insufficient evidence that Doe's symptoms were the result of her mental illness.

**1.      Alternatives to hospitalization**

Doe argues that the magistrate erred because it did not inquire into possible alternatives other than hospitalization. Doe contends that she was capable of living in an assisted living facility and, therefore, should not have been involuntarily hospitalized. Idaho Code Section 66-329(13) states, in relevant part:

> (13)      Nothing in this chapter or in any rule adopted pursuant thereto shall be construed to authorize the detention or involuntary admission to a hospital or other facility of an individual who:
>
> . . . .
>
> (c)      Can be properly cared for privately with the help of willing and able family or friends, and provided, that such person may be detained or involuntarily admitted if such person is mentally ill and presents a substantial risk of injury to himself or others if allowed to remain at liberty.

4

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction. *L & W Supply Corp. v. Chartrand Family Trust*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002). If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and, in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute. *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000). Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored. *See Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

Interpreting the literal meaning of the statute, it is evident that the court is not authorized to hospitalize a person if he or she has a willing and able family member or friend who can properly care for him or her, even if he or she is mentally ill and a risk of injury to him or herself or others. Doe contends the statute means she should not have been hospitalized because she was capable of living in an assisted living facility. However, that conclusion does not flow from the plain language of the statute. A reading of the plain language of the statute precludes the magistrate from involuntarily hospitalizing a person if he or she has a family member or friend who can care for him or her, not merely if there are different housing arrangements or an alternate form of medical care available to the mentally ill person. Therefore, the magistrate did not err in involuntarily hospitalizing Doe despite Subsection 13(c) of the statute.

2. **Connection between Doe's symptoms and mental illness**

Doe alleges the magistrate erred in involuntarily hospitalizing her because there was no evidence she was a danger to herself or gravely disabled "because of" her mental illness. Doe's contention refers to the language of I.C. § 66-329(11), under which she was involuntarily hospitalized. The statute states, in relevant part, that a person can be involuntarily committed if

the "court finds by clear and convincing evidence that the proposed patient: (a) [i]s mentally ill; and (b) [i]s, because of such condition, likely to injure himself or others, or is gravely disabled due to mental illness."

Our role is to review the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Pelayo*, 154 Idaho at 858-59, 303 P.2d at 217-18. A magistrate's findings of fact will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. *Reed v. Reed*, 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002). Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *King v. King*, 137 Idaho 438, 442, 50 P.3d 453, 457 (2002). The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. On appeal, we view the evidence in favor of the trial court's judgment and will uphold the magistrate's findings of fact even if there is conflicting evidence. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007). Additionally, this Court will not make credibility determinations or replace the trial court's findings of fact by reweighing the evidence. *Id.*

At the hearing for Doe's involuntary hospitalization, one witness was called by the state and no witnesses were called by Doe. The witness was the designated examiner, an employee of the Idaho Department of Health and Welfare. The examiner's testimony was based upon hospital records; a police report; emergency room reports; and the examiner's interviews with Doe, Doe's service provider, and Doe's psychiatrist. The examiner testified that Doe has a longstanding history of treatment for bipolar disorder and that her most recent episode was depression and psychosis. The examiner also testified that, based upon an interview with Doe, Doe was very suicidal. Doe told the examiner she was suicidal and wanted to "get it over with," referring to dying. Finally, the examiner testified that Doe was gravely disabled because she was

unable to care for herself and unwilling to engage in treatment. On cross-examination, Doe attempted to cast doubt on the source of her symptoms, suggesting that her medications, rather than her mental illness, caused her to be despondent and catatonic.

In this case, the examiner's testimony provided substantial and competent evidence to support the magistrate's finding that Doe was mentally ill, likely to injure herself, and gravely disabled, all due to Doe's mental illness. Accordingly, the magistrate's findings were not clearly erroneous. Therefore, the district court did not err in affirming the magistrate's order involuntarily hospitalizing Doe.

## IV.

## CONCLUSION

Doe failed to show the magistrate's findings of fact violate I.R.C.P. 52(a) or that there was insufficient evidence for Doe's involuntary hospitalization. Accordingly, we affirm the district court's order, on intermediate appeal, affirming the magistrate's order for involuntary hospitalization. No costs or attorney fees are awarded on appeal.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**