**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46051**

| | |
|---|---|
| In the Matter of: JOHN DOE, A Child Under Eighteen (18) Years of Age. | ) ) ) |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) Filed: October 11, 2018 ) |
| Petitioner-Respondent, | ) Karel A. Lehrman, Clerk ) |
| v. | ) THIS IS AN UNPUBLISHED ) OPINION AND SHALL NOT |
| JANE DOE, | ) BE CITED AS AUTHORITY ) |
| Respondent-Appellant. | ) ) |

Appeal from the Magistrate Division of the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Courtnie Tucker, Magistrate.

Judgment terminating parental rights, affirmed.

Aaron J. Bazolli, Chief Canyon County Public Defender; Scott J. Davis, Deputy Public Defender, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Teri A. Whilden, Deputy Attorney General, Caldwell, for respondent.

_____

LORELLO, Judge

Jane Doe appeals from a judgment terminating her parental rights. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The minor child of Jane Doe was born in October 2015. In September 2016, the child was placed in the care of the Idaho Department of Health and Welfare due to the child being

1

without a caregiver after Jane was arrested for domestic violence following a fight with her boyfriend. The magistrate approved a case plan for Jane.

While the child was in the custody of the Department, Jane was chronically incarcerated for various criminal charges and faced probation violations for being noncompliant with the terms of probation. Jane's communication with the Department throughout the child protection case was poor. Jane did not provide the Department with an address or verify that she had safe, stable housing that was suitable for the child. Jane's whereabouts were often unknown to the Department. Jane also did not engage in her case plan or make progress on the tasks included in the plan even when she was not incarcerated. For example, Jane did not obtain a mental health assessment within sixty days and did not complete a parenting class. Although Jane underwent a mental health evaluation shortly before trial and enrolled in a parenting class, she had not completed the class as of the trial date. Jane participated in some treatment for anger and anxiety, but did not complete domestic violence treatment as of the trial date. Jane also admitted using methamphetamine once during the pendency of the child protection case.

With respect to visitation, Jane did not exercise a consistent visitation schedule with the child. Jane was often tardy and hostile during visitations and missed visits. The child's foster parent testified that the child had difficulty warming up to Jane during visitations and did not recognize Jane as "mom." For the duration of the case, Jane did not provide significant support for the child financially, emotionally, or otherwise.

In September 2017, the Department filed a petition to terminate Jane's parental rights. Following trial, the magistrate terminated Jane's parental rights after finding clear and convincing evidence that Jane had neglected the child and that termination is in the child's best interests. Jane appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test requires the trial court's findings be supported by clear and convincing

evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

## III.

## ANALYSIS

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period and the inability to do so will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Jane argues that the magistrate erred in concluding that she neglected her child and in concluding that termination is in the child's best interest. We hold that Jane has failed to establish the magistrate erred. We address each of Jane's arguments in turn.

### A. Neglect

Idaho Code Section 16-2002(3) defines "neglect" as any conduct included in I.C. § 16-1602(31). Neglect also includes situations where the parent has failed to comply with the

3

court's orders or the case plan in a child protection case, the Department has had temporary or legal custody of the child for fifteen of the most recent twenty-two months, and reunification has not been accomplished by the last day of the fifteenth month in which the child has been in the temporary or legal custody of the Department. Section 16-1602(31)(a) provides that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for the child's well-being because of the conduct or omission of his or her parents, or their neglect or refusal to provide them. Section 16-16002(31)(b) provides that a child is neglected when the parents are unable to discharge their responsibilities to and for the child, and as a result of such inability, the child lacks the parental care necessary for his or her health, safety, or well-being.

The magistrate found, and it is uncontested, that the child had been in the Department's custody for approximately nineteen months at the time of the termination trial, which is beyond the statutory goal of achieving reunification within fifteen months. The magistrate found that Jane neglected her child because, over the nineteen months the child was in the Department's custody, Jane did not exercise proper parental care and control over the child. Jane did not provide the child with subsistence, education, medical, or other care or control necessary for the child's well-being. The magistrate further found that Jane failed to comply with the court's orders or the case plan.

Jane argues that the magistrate's finding that she failed to comply with the case plan was erroneous because, although she failed to comply with her case plan, she has since demonstrated that she is capable of addressing her personal issues and has the ability and desire to reunify with the child. Jane attributes her failure to complete her case plan and her "ineffective" visits with the child to her time in prison and personal issues. Jane asserts that her eventual completion of initial assessments and treatment should preclude termination and argues that she "should not be penalized for her personal challenges and errors in behavior that complicated her ability to comply with probation and be a mother to her child." According to Jane, she has been denied "the opportunity to recover and extricate herself from the life she was living and finally make a sincere effort to fully participate in the case plan and reunify with her child."

The magistrate addressed the relationship between Jane's incarceration and her ability to complete her case plan and noted that Jane's incarceration was due to her "own repeated and

4

willful criminal acts." Even when not incarcerated, Jane did not attempt to engage with the tasks of the case plan until the "eleventh hour" before the termination trial. Jane's last minute efforts to engage with the tasks in her case plan shortly before trial were insufficient and did not result in completion of the case plan. Significantly, Jane did not develop a bonded, healthy parental relationship with the child, which was a fundamental component of the case plan. Despite the Department's efforts to facilitate visitation and allow Jane the opportunity to develop the bond, Jane did not maintain a consistent and meaningful visitation schedule sufficient to develop a proper attachment with the child. The magistrate also found that Jane "still has a long way to go to stabilize her life" and had not demonstrated the ability to care for her child and meet the child's special needs. The magistrate, therefore, found there was clear and convincing evidence Jane neglected her child. Upon review of the evidence presented, we conclude Jane has failed to show error in the magistrate's finding that Jane neglected the child.

## B.    Best Interests of the Child

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the best interests of the child to terminate the parent-child relationship. The magistrate cited the following factors in support of this finding: Jane failed to provide significant support for the child while the child was in foster care; Jane failed to meaningfully participate in meeting the child's needs while in foster care; Jane failed to demonstrate an ability to maintain housing or employment; Jane failed to demonstrate the ability to parent on a day-to-day basis; Jane continued to engage in criminal conduct during the course

of the child protection action; and Jane was not in a position to provide a permanent, safe, and stable home for the child. In addition, the magistrate noted the child's improvement while in foster care where the child's special needs were being met by the foster parent. The child responds well to the foster parent and is stable in the foster home. Conversely, the child has not developed a bond with Jane and does not regard Jane as "mom." Based on these findings, the magistrate concluded there was clear and convincing evidence that termination is in the child's best interests.

Jane asserts the magistrate erred in its best interests determination because, since the termination trial, Jane has been released from custody, completed assessments, and received counseling to address her personal issues. Jane contends that she is now in a position to comply with the case plan and demonstrate an ability to develop a healthy parental relationship with the child. Appellate review is limited to the evidence presented to the trial court. *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007). Jane's post-termination efforts do not demonstrate error by the magistrate.

Jane also argues that it is not in her best interests to lose the relationship with her child, the evidence is "not conclusive" that she is unable to continue making progress on her case plan, and the evidence was not properly weighed in consideration of her interests. The magistrate terminated Jane's parental rights under I.C. § 16-2005(1), which considers the best interests of the child, and not under I.C. § 16-2005(3), which considers the best interests of both the child and the parent. Under I.C. § 16-2005(1), a court can terminate parental rights if it is in the best interests of the child and if the parent has neglected the child. After considering the applicable legal standards and the evidence presented, we conclude Jane has failed to show error in the magistrate's finding that termination is in the child's best interests.

## IV.

## CONCLUSION

There was clear and convincing evidence that Jane neglected the child and it is in the best interests of the child for Jane's parental rights to be terminated. Accordingly, the magistrate's judgment terminating Jane's parental rights is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

6