44 P.3d 1108

Katherine L. REED, Plaintiff–Respondent–Cross Appellant,

v.

William REED, Defendant–Appellant–Cross Respondent.

No. 26307.

Supreme Court of Idaho,
Idaho Falls, September 2001 Term.

Jan. 17, 2002.

Rehearing Denied April 12, 2002.

Pike & Smith, P.A., Idaho Falls, for appellant-cross respondent. Edward W. Pike argued.

Swafford Law Office, Chtd., Idaho Falls, for respondent-cross appellant. Ronald L. Swafford argued.

KIDWELL, Justice.

This case arises from a divorce action filed by Katherine L. Reed against William Reed. The parties eventually stipulated to a divorce on the ground of irreconcilable differences. The contested issues on appeal revolve around the magistrate judge's characterization of various items of property as community or separate, his valuation of various items of property, his award of separate maintenance to Katherine, and the district court's dismissal of Katherine's cross appeal. We affirm the decision of the magistrate division and reverse the decision of the district judge.

## I.

### FACTS AND PROCEDURAL BACKGROUND

The plaintiff (Katherine) and the defendant (William) were married on August 17, 1972. They have one child, who was born on June 6, 1983. During the course of their marriage, the parties acquired substantial assets and incurred substantial debt. They were the owners of several business interests, including a watercraft sales business, a recreational vehicle sales business, and various rental properties. William alleges that during the marriage he made substantial contributions of his separate property to community assets. The alleged separate property sources of the contributions included a trust account of which William is a beneficiary, disbursements from a partnership involving members of William's family, gifts and inheritance.

On October 21, 1996, the magistrate judge issued temporary orders providing for child custody, spousal maintenance, maintenance of debts and business interests, and an order of mediation. A trial was held on February 26 and 27, March 2, and August 10 and 11 of 1998. On August 28, 1998, the magistrate judge entered a Partial Judgment and Decree of Divorce, granting the parties a divorce on the ground of irreconcilable differences and ordering the continuing applicability of the temporary orders. On October 26, 1998, the magistrate judge entered Findings Of Fact And Conclusions Of Law and an Order Supplementing Decree Of Divorce, in which he determined the community or separate character of various items of property, valued the property, divided the property substantially equally, ordered the payment of separate maintenance from William to Katherine, and entered orders regarding the custody and support of their child.

On October 30, 1998, William filed a notice of appeal with the district court, raising various assignments of error. He appealed the magistrate judge's exclusion of various items of evidence, his characterization, valuation and division of various items of property, and his award of maintenance to Katherine. On November 9, 1998, Katherine filed a "Motion for Reconsideration and/or Motion to Amend Findings of Fact and Conclusions of Law and/or Motion to Alter or Amend Judgment" with the magistrate division. The judge entered an order substantially denying Katherine's motion on December 17, 1998, and Katherine filed a notice of cross appeal in the district court on December 28, 1998. The district judge dismissed Katherine's appeal as untimely under I.R.C.P. 83(e). The district judge remanded the case for more factual findings, because he determined that the magistrate judge's findings of fact regarding the characterization and value of various items of property were insufficient to facilitate appellate review. Both parties appeal various decisions of the district and magistrate judges.

## II.

### STANDARD OF REVIEW

■ This Court reviews the decisions of the magistrate division independently, with due regard for the decision of the district court acting in its appellate capacity. *Stevens v. Stevens*, 135 Idaho 224, 227, 16 P.3d 900, 903 (2000).

■ A trial court's findings of fact which are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal; which is to say the findings of fact will not be set aside unless clearly erroneous. *DeChambeau v. Estate of Smith*, 132 Idaho 568, 571, 976 P.2d 922, 925 (1999). The credibility and weight to be given evidence is in the province of the trial court, and this Court liberally construes the trial court's findings of fact in favor of the judgment entered. *Bouten Constr. Co. v. H.F. Magnuson Co.*, 133 Idaho 756, 760, 992 P.2d 751, 755 (1999). However, when the issue is one of law, this Court exercises free review of the trial court's decision. *Id.*

## III.

### ANALYSIS

A. **The Magistrate Judge's Holdings Regarding William's Separate Property Claims Were Based Upon Substantial, Competent Evidence.**

This is primarily a fact-driven dispute. William's arguments—regarding the admissi-

bility of evidence, the sufficiency of his evidence to overcome the community property presumption, and the legality of giving Katherine a one-half interest in William's interest in a limited partnership—are all aimed at showing factual error in the magistrate judge's characterization, valuation, and division of property and supporting William's contention that he is entitled to reimbursement from the community for separate property contributions.

### 1. Evidentiary rulings.

William argues that the magistrate judge erred in excluding various documents he sought to admit in order to prove that he made separate contributions to some items of community property. Specifically, he argues that the magistrate judge erred in excluding Exhibits L, W, X, Y, Z and AA, as hearsay, excluding Exhibit I as unnecessarily cumulative or as a sanction for failure to comply with a pre-trial order, and excluding testimony of his accountant as unnecessarily cumulative.

▆▆▆ The admissibility of evidence and the existence of facts upon which admissibility is conditioned are questions for the trial judge. I.R.E. 104(a)-(b). This Court reviews challenges to a trial court's evidentiary rulings under the abuse of discretion standard. *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000). To determine whether a trial court has abused its discretion, this Court considers whether it correctly perceived the issue as discretionary, whether it acted within the boundaries of its discretion and consistently with applicable legal standards, and whether it reached its decision by an exercise of reason. *Id.* As to all of the evidentiary rulings at issue in this appeal, the magistrate judge recognized the issues as being ones of discretion and reached a decision by exercise of reason.

▆▆▆ Exhibits L, W, X, Y, Z and AA were documents that summarized other documents or information gathered over time. It is undisputed that these exhibits fell under the definition of hearsay, as they were all out-of-court statements offered to prove the truth of matters asserted therein. I.R.E. 801. If

a hearsay summary was prepared in anticipation of litigation, its admissibility is properly analyzed under I.R.E. 1006; if the summarizing document was not so prepared, then the proper analysis is under the business records exception to the hearsay rule found in I.R.E. 803(6). *City of Idaho Falls v. Beco Constr. Co., Inc.*, 123 Idaho 516, 523, 850 P.2d 165, 172 (1993). "The contents of voluminous writings ... may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place." I.R.E. 1006. Thus, in order for a summary to be admissible, the source documents being summarized must also be admissible, and the party offering the summary must fulfill the procedural requirement of making the source documents reasonably available to the opposing party. *City of Idaho Falls*, 123 Idaho at 524, 850 P.2d at 173.

Exhibits W, Z, and AA were summaries prepared in anticipation of litigation, and there was substantial and competent evidence to show that the source documents were either inadmissible hearsay, undisclosed prior to trial, or both. The magistrate judge did not abuse his discretion in excluding these exhibits.

Exhibits X and Y were not prepared in anticipation of litigation. Summarizing documents that are hearsay but that are not prepared in anticipation of litigation may nonetheless be admissible if they are:

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

I.R.E. 803(6). The record contains evidence to support a ruling that the information contained in Exhibits X and Y was not transmitted by a person with personal knowledge, as is required under I.R.E. 803(6). The magis-

trate judge did not abuse his discretion in excluding these exhibits.

Exhibit I was a copy of the trust agreement for the William Reed Trust, offered to demonstrate the separate property nature of the trust and the contributions made from the trust to community property. It is unclear from the record whether the magistrate judge excluded this evidence as cumulative or as a sanction for failure to comply with a pre-trial order requiring the parties to serve upon each other a list of all exhibits to be used at trial. However, the trust agreement had no tendency to show whether the corpus of the trust was community or separate or whether funds from the trust were contributed to community property. Therefore, if there were any error in excluding this exhibit, it would be harmless, and this Court need not decide the propriety of its exclusion, because harmless error, not affecting a substantial right of a party, is disregarded. *Perry,* 134 Idaho at 50–51, 995 P.2d at 820–21; I.R.E. 103(a); I.R.C.P. 61.

William's accountant was prepared to testify as to various claimed separate property contributions. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . needless presentation of cumulative evidence." I.R.E. 403. The accountant's testimony was repetitious of that already given by William. Moreover, the probative value of his testimony was minimal, since his knowledge was primarily based upon representations made by William. Consequently, the magistrate judge did not abuse his discretion in finding that the probative value of the testimony was substantially outweighed by concerns over the needless presentation of cumulative evidence.

The magistrate judge did not commit reversible error in making any of the above evidentiary rulings.

**2. The magistrate judge's characterization and division of William's interest as a limited partner in the Wallace Reed and Leona Reed Family Limited Partnership is supported by substantial and competent evidence.**

As noted above in the standard of review, a trial court's findings of fact which are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal. *DeChambeau,* 132 Idaho at 571, 976 P.2d at 925.

William acquired an interest as a limited partner in the Wallace Reed and Leona Reed Family Limited Partnership during marriage. William argues that the magistrate judge's characterization of his limited partnership interest as community property is not based on substantial and competent evidence.

Separate property is statutorily defined as follows:

All property of either the husband or the wife owned by him or her before marriage, and that acquired afterward by either by (sic) gift, bequest, devise or descent, or that which either he or she shall acquire with the proceeds of his or her separate property, by way of moneys or other property, shall remain his or her sole and separate property.

I.C. § 32–903. "[A]ll other property acquired after marriage," as well as "[t]he income of all property, separate or community," is community property. I.C. § 32–903. Thus there is a presumption that all property acquired after marriage is community property. *Barton v. Barton,* 132 Idaho 394, 396, 973 P.2d 746, 748 (1999).

Wallace Reed testified that the contributions made by William and his siblings in exchange for their partnership interest consisted of equities in various pieces of real property that Wallace and Leona had gifted to the children over the years. However, Wallace testified that he never executed deeds to William and his siblings for the properties, and that he was unsure about the mechanics of the gifts. The "Certificate of Limited Partnership and Limited Partnership Agreement" specified that the specific property constituting capital contributions of each partner was to be listed on "Exhibit 'A.' " While the agreement was entered into evidence, there was no Exhibit A attached. Wallace Reed testified that he had never

seen an Exhibit A and could not verify its whereabouts or even its existence. Katherine testified that the contributions to the *partnership came from community assets*. The magistrate judge was present to observe the testimony and demeanor of these witnesses and to judge the credibility and weight to be given to their testimony. His finding that William failed to overcome the community property presumption was supported by substantial and competent evidence.

Alternatively, William contends that if the partnership interest was community property, Katherine transmutated the interest when she signed the partnership agreement. William interprets various provisions of the agreement to say that Katherine waived any community interest in the capital contributions to the partnership, creating a solely separate property interest in his favor. However, it is unnecessary for this Court to interpret the meaning of the relevant provisions, since, although a husband and wife may transmutate property at any time during marriage, they must conform with statutory formalities for doing so. *Wolford v. Wolford,* 117 Idaho 61, 66, 785 P.2d 625, 630 (1990). Relevant formalities are found in Title 32, Chapter 9 of the Idaho Code. "The property rights of husband and wife are governed by this chapter, unless there is a marriage settlement agreement entered into during marriage containing stipulations thereto." I.C. § 32–916. The formalities required of a valid marriage settlement are that it be in writing, that it be executed and acknowledged in the same manner as conveyances of land, and if it affects real property, that it be recorded in the county in which any affected real property is located. I.C. §§ 32–917 and 32–918. Here, the contributions at issue were interests in land, and there is no evidence from the documentation or testimony demonstrating compliance with any of these statutory formalities. "Moreover, the party alleging the transmutation has the burden of proving the transmutation." *Wolford,* 117 Idaho at 66, 785 P.2d at 630. The record contains substantial and competent evidence to support the magistrate judge's finding that Wil-

liam failed to meet his burden of demonstrating the formalities necessary for a transmutation.

William also argues that the magistrate judge's division of the community property interest in the partnership interest made Katherine a limited partner in a way contrary to the provisions of I.C. § 53–217, which outlines the ways in which a person may become a limited partner. However, the judge split the partnership *interest,* rather than making Katherine a limited *partner* in contravention of I.C. § 53–217. " 'Partnership interest' means a partner's share of the profits and losses of a limited partnership and the right to receive distributions of partnership assets." I.C. § 53–201(10). The magistrate judge merely gave Katherine a right to share equally in any partnership profits, losses and distributions to which William is entitled, as opposed to giving her partnership status or any control regarding partnership affairs.

3. **The magistrate judge's characterizations, valuations, and divisions of the remaining items of property were supported by substantial and competent evidence.**

William argues that the community property presumption only placed upon him a burden of production, not a burden of persuasion. He argues that the testimony and documents admitted into evidence met this "burden of production." Therefore, William argues that there was not substantial and competent evidence to support the magistrate judge's findings that the following were community property: proceeds from the William Reed Trust, proceeds from the sale of a ranch owned by LC Livestock, Inc., the marital residence, the Skyline Apartments owned during marriage, the Erb & Reed Partnership, real property at 1620 West Broadway, Texaco stock, and a host of personal items purchased from the estate of William's grandmother.

A party wishing to overcome the community presumption and show that assets acquired during marriage are separate property "must prove with 'reasonable certainty and particularity' that the property is, in fact, separate." *Barton,* 132 Idaho at 396, 973

P.2d at 748. "[T]he party asserting that the property is separate, bears the burden of proving to a reasonable certainty that the property is separate." *Worzala v. Worzala,* 128 Idaho 408, 412, 913 P.2d 1178, 1182 (1996). "[The] presumption can be rebutted, but the burden of proof rests upon the party who asserts that the property is separate." *Stanger v. Stanger,* 98 Idaho 725, 727, 571 P.2d 1126, 1128 (1977). William carried more than a burden to merely produce some scintilla of evidence, rather he carried, the burden of persuasion to rebut the community presumption remained on him throughout the trial.

William did not produce any admissible documentation to demonstrate the separate property nature of these items of property, or to trace contributions to the community back to separate property sources. The magistrate judge was simply presented with the conflicting witness testimony, to be weighed in light of the community presumption.

William cites *Wood v. Hoglund* for the rule that "[a] trier of fact may not arbitrarily disregard credible and unimpeached testimony of a witness." 131 Idaho 700, 703, 963 P.2d 383, 386 (1998). William argues that, under this rule, the magistrate judge was required to accept his allegedly uncontradicted testimony regarding these items of property. However, the record contains contradictory testimony by Katherine regarding some of the property at issue. Additionally, the prior testimony given by William and Wallace provided substantial evidence from which the magistrate judge could conclude that their sincerity and memories were less than perfect. Consequently, it cannot be said that the magistrate judge's decision to give little or no weight to the testimony of William and Wallace was arbitrary.

The magistrate judge's findings, that William did not overcome the community property presumption as to the contested items of property, were based on substantial and competent evidence.

William also contests the magistrate judge's valuation of American Carriage, Inc. and American Marine, Inc., two businesses owned by the couple during marriage. William's expert testified that the companies were so interrelated that they should be valued together. He testified that the proper valuation of American Carriage should include a liability represented by the negative worth of American Marine, for property and debt allocation purposes. Katherine's expert testified that the companies were still independent entities, that they could be valued separately, and that American Marine could be liquidated separately. The magistrate judge apparently gave more evidentiary weight to the testimony of Katherine's expert than that of William's expert, because he found that the businesses could be valued separately and that American Marine could be liquidated. The magistrate judge's findings are supported by substantial and competent evidence.

## B. The Magistrate Judge's Award Of Separate Maintenance Was Supported By Substantial And Competent Evidence.

William argues that in awarding maintenance to Katherine, the magistrate judge "abused his discretion" under I.C. § 32–705, which provides for awards of spousal maintenance. However, the heart of William's challenge to the award is not an argument that there should have been no maintenance award at all; rather, he disagrees with the magistrate judge's factual findings underlying the amount and duration of the award. Specifically, he argues that the magistrate judge erred in his findings regarding William's income and Katherine's needs and that the he ordered the parties to maintain an artificially high standard of living that will require consumption of assets.

Although the parties argue about whether the judge abused his discretion, and while some Idaho cases have discussed the abuse of discretion standard in relation to awards of spousal maintenance, this Court, in the case of *Mulch v. Mulch,* clarified that the substantial and competent evidence standard should be applied to the factual determinations underlying the award, duration, and amount of spousal maintenance. 125 Idaho 93, 98, 867 P.2d 967, 972 (1994).

In the course of determining the proper amount of maintenance, the magistrate judge

considered evidence regarding the income paid to William from the parties' businesses, the value of the fringe benefits William receives from those businesses, and the amount by which loans and money from alleged inheritances and gifts affected his income. The judge also spent considerable time determining Katherine's ability to provide for herself, given her lack of formal education and limited work experience. The magistrate judge's findings as to William's income, Katherine's needs, and the amount and duration of maintenance to be awarded are supported by substantial and competent evidence.

## ISSUES ON CROSS–APPEAL

### C. The Magistrate Judge Made Sufficient Findings Of Fact And Conclusions Of Law.

On cross appeal, Katherine challenges the district judge's decision to remand the case for further findings on some of the above issues, which was based on the district judge's ruling that the magistrate judge failed to make sufficient findings of fact to facilitate appellate review. The magistrate judge made sufficient findings of fact to facilitate appellate review on these issues.

### D. Katherine's Issues On Cross–Appeal To The District Court.

#### 1. Katherine's cross-appeal was timely.

 Katherine filed an appeal with the district court, arguing that the magistrate judge erred in failing to award her attorney fees and costs, and that he erred in failing to grant her the relief requested in her "Motion for Reconsideration and/or Motion to Amend Findings of Fact and Conclusions of Law and/or Motion to Alter or Amend Judgment." The district court dismissed Katherine's appeal as not being filed within the 42–day time limit specified in I.R.C.P. 83(e). However, under the second half of that same rule, the 42–day time limit is suspended by the filing of a timely motion to modify or amend findings of fact and conclusions of law or a timely motion to alter or amend the judgment. The magistrate judge had jurisdiction to hear her motion under I.R.C.P. 83(i), and Katherine's

appeal was timely under the time limit suspension provided in 83(e). Consequently, the substantive issues Katherine raised in her cross-appeal were never addressed by the district court, and this Court will address them below.

#### 2. The magistrate judge did not err in denying Katherine's motion for attorney fees at trial.

 On cross-appeal, Katherine challenged the magistrate judge's denial of her motion for attorney fees under I.C. § 32–704. "The court may from time to time after considering the financial resources of both parties and the factors set forth in section 32–705, Idaho Code, order a party to pay a reasonable amount for the cost to the other party ... for attorney fees...." I.C. § 32–704(3). The decision whether to award attorney fees under this section is a matter of discretion for the trial judge, upon consideration of the factors contained in this section and in I.C. § 32–705. *Jensen v. Jensen*, 128 Idaho 600, 606, 917 P.2d 757, 763 (1996). The magistrate judge considered the factors set forth in I.C. §§ 32–704 and 32–705 to determine that Katherine had sufficient assets and income to pay her own attorney fees and that an award was therefore unnecessary. Katherine has not demonstrated an abuse of discretion in the magistrate judge's decision.

#### 3. The magistrate judge did not err in denying Katherine's motion to reconsider or alter or amend.

 In her "Motion for Reconsideration and/or Motion to Amend Findings of Fact and Conclusions of Law and/or Motion to Alter or Amend Judgment," Katherine asked the magistrate judge to do nothing more than revisit the evidence presented at trial and to change his decisions regarding the characterization, valuation, and division of property. The judge denied Katherine's motion as to the bulk of the items that were the subject of the motion. This Court reviews a denial of a motion to alter or amend an order under an abuse of discretion standard. *Slaathaug v. Allstate Ins., Co.*, 132 Idaho 705, 707, 979 P.2d 107, 109 (1999). Katherine has

not demonstrated an abuse of discretion in the magistrate judge's decision.

## IV.

### ATTORNEY FEES ON APPEAL

 Both parties seek an award of attorney fees on appeal pursuant to I.C. § 12–121. This Court may award attorney fees on appeal pursuant to I.C. § 12–121 in a civil action where it finds the appeal was brought, pursued or defended frivolously, unreasonably or without foundation. *Stevens v. Stevens,* 135 Idaho 224, 229, 16 P.3d 900, 905 (2000); I.R.C.P. 54(e)(1). Specifically, attorney fees are appropriate if an appeal simply invites an appellate court to second-guess the trial court on conflicting evidence. *DeChambeau v. Estate of Smith,* 132 Idaho 568, 572, 976 P.2d 922, 926 (1999).

William's appeal is driven by his dissatisfaction with the magistrate judge's factual findings, and he has done little more than invite this Court to second-guess those findings. Consequently, Katherine is awarded attorney fees on appeal.

## V.

### CONCLUSION

The magistrate judge did not abuse his discretion in excluding William's offered items of evidence or in awarding separate maintenance to Katherine. His findings regarding the characterization, valuation, and division of community property were supported by substantial and competent evidence, and he issued sufficient findings of fact. Katherine's cross appeal to the district court was timely, but the magistrate judge did not err in denying Katherine's motion for attorney fees or in denying her "Motion for Reconsideration and/or Motion to Amend Findings of Fact and Conclusions of Law and/or Motion to Alter or Amend Judgment." The decision of the magistrate division is affirmed. Attorney fees and costs on appeal are awarded to respondent.

Chief Justice TROUT, Justices SCHROEDER, WALTERS, and EISMANN CONCUR.