IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34947

| | | |
|---|---|---|
| STANLEY ROBERT KRALY, | ) | |
| | ) | |
| Plaintiff-Appellant-Respondent on Appeal, | ) ) | Coeur d'Alene, April 2009 Term |
| | ) | |
| v. | ) | 2009 Opinion No. 64 |
| | ) | |
| SUSAN MARIE KRALY, aka SUSAN MARIE AHEARN, | ) ) | Filed: May 1, 2009 |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Respondent-Appellant on Appeal. | ) ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Honorable Steven C. Verby, District Judge. Honorable Justin W. Julian, Magistrate Judge.

The district court's decision is affirmed.

Nixon Law Office, Coeur d'Alene, for appellant. Jed K. Nixon argued.

Erik P. Smith, P.C., Coeur d'Alene, for respondent.

_____

J. JONES, Justice

Susan Kraly appeals from the district court's order concluding that a certain piece of real property was the separate property of her ex-husband, Stan Kraly. We affirm.

## I.

On April 12, 2003, Stan and Susan were married in Florida. Shortly thereafter, Stan sold his primary residence in Palm City, Florida, which he had acquired as his separate property prior to the marriage, receiving over $500,000.00 in net proceeds. In March 2004, Stan used $167,500.00 of those separate proceeds to purchase sixty acres of unimproved property near Lightning Creek Road in Bonner County, Idaho (the Lightning Creek property). The warranty deed conveyed the property to "Stan Kraly and Susan Kraly, Husband and Wife." Stan also

1

purchased other properties in Idaho with his separate funds, taking title to those in his name alone.

On October 5, 2004, less than one and a half years after getting married, Stan filed for divorce in an Idaho court on the grounds of irreconcilable differences. Without addressing property distribution issues, the court granted the divorce on August 17, 2005. The court limited its jurisdiction to the marriage itself and any assets located in Idaho; any assets located in Florida were to be distributed by a Florida court.

The trial for property issues occurred on March 1, 2006. The magistrate court entered a "final decree of divorce" on April 14, 2006, after hearing testimony on the disputed issues. It found that the Lightning Creek property was a community asset, but that Stan was entitled to reimbursement from the community for the $167,500.00 he spent purchasing the property because Stan had "proved by clear, convincing, and undisputed evidence that the source of funds to entirely purchase the property was from [Stan's] separate property." The magistrate court further held that "there was no evidence of any intent by [Stan] to gift his separate property purchase monies to [Susan] by the warranty deed alone." Nonetheless, the magistrate court held that any enhanced value of the Lightning Creek property in excess of the $167,500.00 was a community asset to be shared equally by the parties.

Stan appealed to the district court, arguing that because the Lightning Creek property was purchased with his separate funds, the property should be characterized as his separate property and its full value should be awarded to him. Susan cross-appealed, arguing that because the magistrate court found the Lightning Creek property to be community property, the court should have awarded her a full one-half community interest in the entire property. The district court reversed the magistrate court's decision, holding that the Lightning Creek property was Stan's separate property and that Susan was entitled to no part of its value. Susan appealed to this Court, arguing that the district court erred in reversing the magistrate court's decision; that the parol evidence rule barred the admission of evidence related to the characterization of the Lightning Creek property; and that Stan was judicially estopped from requesting the full value of the property.

## II.

When reviewing the decision of the district court acting in its appellate capacity, this Court directly reviews the district court's decision. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008). Thus, this Court considers whether the district court committed error with respect to the issues presented.

The trial court's findings of fact will not be set aside on appeal unless they are clearly erroneous such that they are not based upon substantial and competent evidence. *Stewart v. Stewart*, 143 Idaho 673, 676, 152 P.3d 544, 547 (2007). However, this Court exercises free review over the trial court's conclusions of law. *Id.* at 677, 152 P.3d at 548.

## A.

The primary dispute in this case is whether the Lightning Creek property was Stan's separate property or property of the community. Stan argues that the property is his separate property because it was purchased in full with the proceeds from the sale of his separate home in Florida. Susan argues that because her name appears on the warranty deed, the Lightning Creek property is community property. To support this contention, Susan argues that the parol evidence rule barred inquiry into the source of the funds used to pay for the Lightning Creek property. These issues will be considered below.

### 1. The Issue of Parol Evidence is Not Properly Before This Court

Susan asserts that the warranty deed unambiguously identifies the Lightning Creek property as community property and therefore is dispositive as to the property's character. Stan maintains that Susan waived her parol evidence objection by failing to object at trial to the admission of evidence tracing the source of the funds used to purchase the Lightning Creek property.

Susan did not object before the trial court to Stan's testimony regarding his use of separate property funds to purchase the Lightning Creek property. Indeed, at oral argument before this Court, Susan's attorney acknowledged that the failure to object to the evidence was a conscious choice. We will not consider issues pertaining to the admission of evidence where no objection was raised to admission at trial. *Slack v. Kelleher*, 140 Idaho 916, 921, 104 P.3d 958, 963 (2004). Therefore, the issue of whether evidence tracing the source of the funds used to purchase the Lightning Creek property was properly admitted will not be considered.

## 2. The District Court Properly Found the Lightning Creek Property to be Stan's Separate Property

Susan claims that the Lightning Creek property was community property because, of the various properties Stan purchased with his separate funds, it was the only one which was titled in the names of both parties as a married couple. She reiterates that Stan testified that he purchased the property intending to live there with Susan as a married couple. Stan, on the other hand, argues that the parties had agreed that the property would belong to the community only after Susan contributed an equivalent amount of money to build a house on the Lightning Creek property. Until that occurred, Stan asserts that the property remained his separate property. Stan emphasizes the fact that the entire property was purchased with the proceeds from the sale of his separate property. Stan insists that even in cases where real property is deeded to both husband and wife the Court has examined other factors in order to determine the source of the funds used to purchase the property. *See Winn v. Winn*, 105 Idaho 811, 814, 673 P.2d 411, 414 (1983).

The characterization of property as either community or separate involves mixed questions of law and fact. *Krebs v. Krebs*, 114 Idaho 571, 573, 759 P.2d 77, 79 (Ct. App. 1988). The manner and method of acquisition of property are questions of fact for the trial court. *Batra v. Batra*, 135 Idaho 388, 391, 17 P.3d 889, 892 (Ct. App. 2001). The characterization of an asset in light of the facts found, however, is a question of law over which this Court exercises free review.[1] *Id.*

Whether a specific piece of property is characterized as community or separate property depends on when it was acquired and the source of the funds used to purchase it. The character of property vests at the time the property is acquired. *Winn*, 105 Idaho at 815, 673 P.2d at 415. Property acquired during a marriage is presumed to be community property. *Reed v. Reed*, 137 Idaho 53, 58, 44 P.3d 1108, 1113 (2002). The presumption can be overcome if the party asserting the separate character of the property carries his burden of proving with reasonable

---

[1] Therefore, Susan's argument that the district court erred by reversing the magistrate court's conclusion that the Lightning Creek property was community property because that determination was supported by substantial and competent evidence fails. The characterization of property is a question of law, not a question of fact.

4

certainty and particularity that the property acquired during marriage is separate property.[2] *Id.* at 59-60, 44 P.3d at 1114-15.

One way to prove that property acquired during marriage is separate property is to show that the asset was purchased with one spouse's separate property. *Worzala v. Worzala*, 128 Idaho 408, 412, 913 P.2d 1178, 1182 (1996).[3] This Court has long recognized that the property acquired shares the same character as the property or funds used to acquire it. *Winn*, 105 Idaho at 813, 673 P.2d at 413; *Stanger v. Stanger*, 98 Idaho 725, 728, 571 P.2d 1126, 1129 (1977) ("The status of property acquired during marriage is determined by the funds with which it is purchased."); *Cargill v. Hancock*, 92 Idaho 460, 464, 444 P.2d 421, 425 (1968) (holding that the central question in determining the character of property acquired during the marriage is the source of the funds with which it was purchased). Therefore, the presumption that all property acquired during the marriage is community property can be overcome by showing that such property was purchased with one spouse's separate funds.

Because the Lightning Creek property was acquired during the marriage, the presumption arises that it was community property. Therefore, Stan bore the burden of overcoming that presumption with reasonable certainty and particularity. The evidence at trial clearly supported Stan's contention that the entire purchase price of the Lightning Creek property was paid with his separate funds from the sale of his pre-marital separate home in Florida. The magistrate court additionally found that Stan did not gift any part of the property to Susan.[4] Therefore, the district court properly reversed the magistrate court's determination that the property was community property and correctly held that the Lightning Creek property was Stan's separate property.

### 3. The Magistrate Court Complied with Idaho Rule of Civil Procedure 52(a)

Susan argues that the magistrate court failed to adequately set out its factual findings as required by Idaho Rule of Civil Procedure 52(a) and asks the Court to remand the matter to the

---

[2] Separate property is defined as "[a]ll other property of either the husband or the wife owned by him or her before marriage, and that acquired afterward . . . either by gift, bequest, devise or descent, or that which either he or she shall acquire with the proceeds of his or her separate property, by way of moneys or other property, shall remain his or her sole and separate property." I.C. § 32-903. Therefore, if property is purchased with separate funds, even if acquired during the marriage, the property maintains its separate character.

[3] Susan claims that cases such as *Worzala* and *Batra* do not control the outcome of this case because those cases involve personal property and not real property. However, neither the governing statute nor this Court distinguish between real property and personal property when applying the rules as to characterization of property as community or separate.

[4] Susan did not appeal the magistrate court's ruling on this issue.

magistrate court for clarification. Rule 52(a) requires that in all actions tried without a jury "the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." Idaho R. Civ. P. 52(a). However, even if the court fails to make separate findings of fact and conclusions of law in a motion or memorandum, a discussion of its decision in an order may be adequate to satisfy the rule. *See The Vanderford Co. v. Knudson*, 144 Idaho 547, 554, 165 P.3d 261, 268 (2007). Specifically, when the record is clear and yields an obvious answer to the relevant question on appeal, the absence of findings may be disregarded. *Id.*

In this case, the Court can easily understand why the magistrate court decided the case as it did. It is clear what facts it found and which ones it relied upon in reaching its decision. The magistrate court focused on the fact that Stan's separate funds paid for the property and that both parties were named in the deed. The magistrate court's only error was one of law. Therefore, the magistrate court complied with Idaho Rule of Civil Procedure 52(a).

### B.

Susan asserts that Stan is judicially estopped from appealing the magistrate court's determination regarding the characterization of the Lightning Creek Property because at trial he testified that Susan had an interest in the property. However, Susan did not raise this argument when Stan appealed the magistrate's order to the district court in the intermediate appeal. This Court will not consider arguments raised for the first time on appeal. *Johannsen v. Utterbeck*, 146 Idaho 423, 429, 196 P.3d at 341, 347 (2008); *Stonecipher v. Stonecipher*, 131 Idaho 731, 737, 963 P.2d 1168, 1174 (1998) ("It is well settled that an issue is not preserved for review by this Court even though it was raised before the magistrate when the issue is not raised later before the district court in the intermediate appeal.").

### III.

The district court's decision is affirmed. Costs awarded to Stan.

Chief Justice EISMANN, and Justices BURDICK, W. JONES, and HORTON CONCUR.