## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44265

| | |
|---|---|
| SARAH MONIQUE GEIGER, | ) 2017 Unpublished Opinion No. 407 |
| | ) |
| Plaintiff-Respondent, | ) Filed: March 20, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| BRANDON T. ELLIOT, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge. Hon. Kent J. Merica, Magistrate.

Order of the district court, on intermediate appeal from the magistrate's denial of motion to modify custody, affirmed.

Clark & Feeney, LLP; Charles M. Stroschein, Lewiston, for appellant.

Jones, Brower & Callery, PLLC, Karin R. Seubert; Lewiston, for respondent.

———————————————————

HUSKEY, Judge

Brandon T. Elliot appeals from the district court's decision affirming the magistrate's denial of Elliot's motion to modify the custody agreement. Elliot argues the magistrate erred in determining there was not a substantial and material change in the circumstances that warranted changing Elliot's custody status to the primary custodial parent, but nevertheless determined circumstances warranted a change in Elliot's parenting time with the minor child. For the reasons discussed below, we affirm the decision of the district court.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the district court's opinion on intermediate appeal: TBE is the minor child born to Sarah Geiger and Brandon Elliot. The two were never married. In 2011, Geiger filed a complaint for paternity, custody, visitation, and support of TBE. Geiger and Elliot mediated the claims and ultimately agreed that Elliot was the father of TBE, the

1

parties would have joint physical and legal custody, Geiger would be the primary residential parent, and Elliot would have visitation as a block of four days each week and would exercise visitation from 6 a.m. on his second day off to 5 p.m. on his third day off every week. The agreement was entered as an order in 2012.

Several years later, Elliot filed a motion to modify the custody agreement, asserting he had a new job and the new job conflicted with the current visitation agreement and thus, there was a substantial and material change in circumstance requiring modification of the custody agreement. With his motion, Elliot filed a parenting plan which sought to modify the existing custody agreement by granting each parent physical custody of TBE every other week.

A hearing was held on the matter on June 26, 2015, after which the magistrate issued his findings of fact and conclusions of law and order. The magistrate found that Elliot moving in with his then-girlfriend (now wife), Ms. Wilcoxon, did not amount to a substantial change as Elliot and Wilcoxon were a couple at the time the original custody order was entered. The magistrate also found that Elliot's change in work schedule did not constitute a material change of circumstance that would justify a change in custody; however, the magistrate did agree that such change justified a revision to the parent-sharing arrangement. The magistrate concluded that as a result of the new work schedule, Elliot would have physical custody of TBE every other Wednesday through Sunday commencing and ending at 5 p.m. Elliot appealed to the district court.

Following briefing and oral argument, the district court held:

> In arguing that the magistrate's findings were erroneous, Elliot offers little more than argument that his interpretation of the evidence is right and the magistrate's is wrong. Elliot does not meet his burden to prove that the magistrate's decision was not based on substantial and competent evidence. The record before this Court indicates the contrary; the magistrate weighed the relevant factors, and then--through clear exercise of reason--made a determination based upon the best interest of the child.
> In light of the record before this Court, Elliot's argument that the magistrate ignored, or didn't properly consider certain factors, fails to meet his burden to show the magistrate abused his discretion. Therefore, the decision of the magistrate court is affirmed.

Thereafter, Elliot timely filed an appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

## III.

## ANALYSIS

Elliot raises three issues on appeal. The first issue--whether the magistrate erred in awarding attorney fees to Geiger--was rendered moot when the district court reversed the magistrate's order awarding attorney fees. As the second issue, Elliot claims the district court erred in affirming the magistrate's finding there was no material and substantial change of circumstance that warranted a change in the custody status of each parent. Third, Elliot claims he is entitled to attorney fees on appeal. We affirm the district court's order finding no material and substantial change of circumstance warranted a change in the parents' custody status. We deny Elliot's request for attorney fees on appeal and grant Geiger's request for attorney fees on appeal.

A. **Elliot's Argument That the Magistrate Abused Its Discretion in Awarding Attorney Fees Is Moot**

Under the mootness doctrine:

> This Court may dismiss an appeal when it appears that the case involves only a moot question. A case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. A case is moot if it presents no justiciable controversy and a judicial determination will have no practical effect upon the outcome.

3

*State v. Manzanares*, 152 Idaho 410, 419, 272 P.3d 382, 391 (2012) (quoting *Goodson v. Nez Perce Cty. Bd. of Cty. Comm'rs*, 133 Idaho 851, 853, 993 P.2d 614, 616 (2000)). *See also State v. Manley*, 142 Idaho 338, 343, 127 P.3d 954, 959 (2005). Here, Elliot's appeal is moot because the district court reversed the award of attorney fees to Geiger. The issue presented is no longer live because Elliot has already received the only remedy he requests. Because the issue is moot, we decline to address it.

**B.      The District Court Did Not Err in Affirming the Magistrate's Findings of Fact and Conclusion of Law**

Child custody determinations are committed to the sound discretion of the magistrate. *McGriff v. McGriff*, 140 Idaho 642, 645, 99 P.3d 111, 114 (2004). On appeal, this Court will overturn a magistrate's custody decision only if it is an abuse of discretion. *Roberts v. Roberts*, 138 Idaho 401, 403, 64 P.3d 327, 329 (2003). A custody award will not be regarded as an abuse of discretion so long as the trial court: (1) recognized the issue as one of discretion; (2) acted within the outer limits of its discretion and consistently with the legal standards applicable to the available choices; and (3) reached its decision through an exercise of reason. *Id.*

On the other hand, a trial court abuses its discretion when it makes a custody award based on evidence that is insufficient to conclude that the award is in the child's best interest. *Nelson v. Nelson*, 144 Idaho 710, 713, 170 P.3d 375, 378 (2007). A magistrate's findings of fact, however, will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. *Reed v. Reed*, 137 Idaho 53, 56, 44 P.3d 1108, 1111 (2002). Evidence is substantial "if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven." *King v. King*, 137 Idaho 438, 442, 50 P.3d 453, 457 (2002). When reviewing a magistrate's findings of fact, we view the evidence in favor of the magistrate's judgment and will uphold the magistrate's findings even if there is conflicting evidence. *Nelson*, 144 Idaho at 713, 170 P.3d at 378. We will not make credibility determinations or replace the trial court's factual findings by reweighing the evidence. *Id.*

The district court found the following: 1) the magistrate was aware the issue was one within his discretion; 2) the decision reached was within the broad outer limits of that discretion; and 3) the only issue was whether the magistrate reached its decision by an exercise of reason. As to the third prong, the district court explicitly held:

> In arguing that the magistrate's findings were erroneous, Elliot offers little more than argument that his interpretation of the evidence is right and the

4

magistrate's is wrong. Elliot does not meet his burden to prove that the magistrate's decision was not based on substantial and competent evidence. The record before this Court indicates the contrary; the magistrate weighed the relevant factors, and then--through clear exercise of reason--made a determination based upon the best interest of the child.

In light of the record before this Court, Elliot's argument that the magistrate ignored, or didn't properly consider certain factors, fails to meet his burden to show the magistrate abused his discretion. Therefore, the decision of the magistrate court is affirmed.

Although Elliot's brief is not particularly clear, it appears Elliot argues the district court erred on this issue in four ways: 1) the district court likely didn't have the magistrate's decision in a different case from Lemhi County; 2) the district court didn't adequately consider Elliot's claim that subsequent to the decision in this case, the magistrate changed the structure of his opinions; 3) the district court ignored case law regarding the determination of the best interest of the child; and 4) if the district court had "bothered" to apply Idaho Code § 32-717 factors properly, it would not have upheld the magistrate's decision. Because Elliot failed to address what the district court held or support the claim of error with argument and authority, we affirm the district court's decision.

### 1. Elliot failed to address the district court's holding

The district court held that Elliot failed to meet his burden of proof in establishing the magistrate abused its discretion. The failure to support an alleged error with argument and authority is deemed a waiver of the issue. *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). This Court will not consider assignments of error not supported by argument and authority in the opening brief. *Id*. at 791, 229 P.3d 1153.

Elliot criticizes the magistrate and district court in great detail, but nowhere does he address the district court's holding that Elliot offered little more than argument and failed to meet his burden to establish an abuse of discretion on intermediate appeal. Instead, Elliot challenges whether the magistrate's findings were supported by substantial and competent evidence. However, to get to the issue of whether there was substantial and competent evidence supporting the magistrate's findings, Elliot must first address the district court's holding that he failed to support his claim that the magistrate abused its discretion. This Elliot failed to do.

We understand Elliot disagrees with the magistrate's findings. Nonetheless, because Elliot does not address the district court's holding either that he offered little more than argument on his claims or that he failed to meet his burden, Elliot waived any claim on appeal to this Court

5

that the district court erred in those holdings. Even if the district court affirmed the magistrate on substantive grounds, because Elliot failed to challenge the alternate holding that he didn't meet his burden on intermediate appeal, we must affirm the district court on the unchallenged ground. *See Anderson v. Prof'l Escrow Servs., Inc.*, 141 Idaho 743, 746, 118 P.3d 75, 78 (2005). To the extent Elliot has preserved any claim of error, we will address his claims of error as he raised them in his briefing to this Court.

### 2. Elliot failed to provide authority supporting his claim the district court erred when it did not review a non-binding decision from another county involving a different case

As noted above, the failure to support an alleged error with argument and authority is deemed a waiver of the issue. *Bach*, 148 Idaho at 790, 229 P.3d at 1152. This Court "will not consider assignments of error not supported by argument and authority in the opening brief." It is unclear whether Elliot is claiming the district court should have reviewed a case issued in Lemhi County by a different judge or whether it is an example of what Elliot believes the magistrate opinion in this case should have contained. Either way, Elliot did not point to any authority that requires a judge in one county to review and follow a decision issued by another judge in another county. As such, Elliot waived any claim of error on this issue and we decline to consider it.

### 3. Elliot failed to provide authority supporting his claim the district court was required to consider the structure of the magistrate's subsequent opinions in different cases

Although Elliot argues the district court should have noticed that after this case, the magistrate changed the structure of subsequent opinions, Elliot cited no authority to explain why the district court was obligated to do so or that the failure to do so was error. As such, the issue is waived. *Bach*, 148 Idaho at 790, 229 P.3d at 1152.

### 4. The district court did not ignore case law regarding the determination of the best interest of the child

Elliot's claim in this regard is that the district court "seems to have totally denied that the factors set out in I.C. § 32-717 are meaningful or relevant at all." This is belied by the record in the case. In its opinion, the district court recognized the I.C. § 32-717 factors and also the wide discretion given to trial courts in making custody determinations. The district court further recognized the list of I.C. § 32-717 factors were not exhaustive or mandatory and that courts are free to consider other factors that may be relevant. Thus, the district court did not ignore the

6

I.C. § 32-717 factors, but recognized it was not in the position of making factual findings or credibility determinations. The district court's role, when acting as an intermediate appellate court, is to determine if the magistrate's opinion is supported by substantial and competent evidence. A magistrate's findings of fact, however, will be upheld if they are supported by substantial and competent evidence and are not clearly erroneous. *See Reed*, 137 Idaho at 56, 44 P.3d at 1111. If so, even if there is conflicting evidence, or the district court disagrees with the magistrate's findings, the district court must affirm the magistrate. In this case, the district court reviewed the findings of fact and conclusions of law as found by the magistrate and concluded the magistrate weighed the relevant factors and then, through a clear exercise of reason, made a determination based upon the best interest of the child. The district court then concluded that because Elliot did not challenge the magistrate's findings determination with appropriate authority, there was no legal basis on which to reverse the magistrate. We affirm the district court on this issue.

### 5. It was not the role of the district court to apply I.C. § 32-717 factors

Elliot further argues that if the district court had "bothered" to apply I.C. § 32-717 factors properly, it would not have upheld the magistrate's decision. Elliot misunderstands the district court's role when acting as an intermediate appellate court. The district court, as the intermediate appellate court, would not have been in the position to apply the I.C. § 32-717 factors or make factual findings. *See Neal*, 159 Idaho 439, 443, 362 P.3d 514, 518 (2015) ("The district court was an appellate court and thus could not substitute its own findings of fact for the magistrate's findings."). Instead, as noted above, the district court's role was to review the findings made by the magistrate and affirm those findings if supported by substantial and competent evidence. Thus, Elliot's argument that the district court should have independently engaged in factual determinations or applied statutory factors is misplaced.

While it is not entirely clear, Elliot's opening brief suggests Elliot believes the magistrate's factual findings are not supported by competent and substantial evidence. Disagreement with the magistrate's findings does not mean the findings are not adequately supported.[1] More importantly, Elliot has cited no authority or provided any argument regarding

---

[1] The tenor of Elliot's briefs is troubling. He spends a great deal of ink engaged in rhetorical questions, hyperbole, and attacks on Geiger, the magistrate, and the district court. The brief is disrespectful to opposing counsel, the opposing party, and the court. It is well within the

7

the district court's holding that Elliot failed to adequately support his claim of error, which is what this Court reviews. This failure is a fatal defect to his argument. Finally, this Court has reviewed the record. The magistrate's findings are supported by substantial and competent evidence. While it is true the magistrate does not cite I.C. § 32-717, it is clear the magistrate considered the factors of the statute when making its findings of fact. For example, the court made specific findings regarding the factors listed in I.C. § 32-717(a), -717(c), -717(d), -717(e), and -717(f). Thus, Elliot's complaint that the magistrate did not consider the factors in I.C. § 32-717 is simply incorrect.

Elliot would have preferred the magistrate to interpret the evidence differently or to give certain pieces of evidence different and/or additional weight. Simply because the magistrate did not reach the conclusion Elliot wanted does not mean the magistrate erred. Both the district court on intermediate appeal and this Court must review the record; and if the magistrate's decision is supported by substantial and competent evidence even if there is conflicting evidence, we must affirm the district court's decision. The magistrate's decision is supported by substantial and competent evidence. We affirm the district court.

## C. Award of Attorney Fees on Appeal

Both parties requested attorney fees on appeal. Elliot is not entitled to attorney fees under any of the statutes he cited. First, I.C. § 12-123 does not apply on appeals to this Court. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). Second, Elliot is not the prevailing party; and given Elliot's briefing in this case, we conclude he pursued this appeal in a manner that was frivolous, unreasonable, and lacked foundation.[2] As a result, Elliot is not entitled to attorney fees pursuant to I.C. § 12-121. Neither I.C. § 32-704 nor I.C. § 32-705 apply

---

range of professional behavior for an attorney to criticize a decision of a lower court and to explain how the court erred or the decision is incorrect. It is significantly less professional to submit the type of brief submitted in this case.

[2]    In *Hoffer v. Shappard*, 160 Idaho 870, 380 P.3d 681 (2016), the Idaho Supreme Court interpreted Idaho Code § 12-121 to award attorney fees when "justice so required," rather than in cases where the court found the case was brought, pursued, or defended frivolously, unreasonably or without foundation. *Hoffer*, 160 Idaho at 696, 380 P.3d at 883. The language of I.C. § 12-121 has subsequently been amended to allow a judge to award attorney fees to the prevailing party when the judge finds that the case was brought, pursued, or defended frivolously, unreasonably or without foundation.

in this circumstance because Elliot did not argue to the lower court or to this Court that he suffered a financial need such that it was necessary for Geiger to provide funds so Elliot could pursue this appeal. *McGriff*, 140 Idaho at 653, 99 P.3d at 122. Further, Elliot failed to articulate or provide argument on any of the I.C. § 32-705 factors entitling him to such an award. The question remains, then, whether Geiger is entitled to attorney fees and costs.

Geiger requested attorney fees pursuant to I.C. § 12-121. She argued the appeal was taken in a manner that was frivolous, unreasonable, and without foundation, in light of the district court's holding. We agree. Thus, we find that an award of attorney fees to Geiger, pursuant to I.C. § 12-121, is appropriate in this case.

## IV.
## CONCLUSION

We affirm the decision of the district court and award attorney fees and costs on appeal to Geiger.

Judge GUTIERREZ and Judge MELANSON **CONCUR**.